[Criminal No. 776. Filed December 6, 1932.]

[16 Pac. (2d) 727.]

H. A. THOMPSON and C. F. NEW, Appellants, v. STATE, Respondent.

Mr. V. L. Hash, for Appellants.

Mr. K. Berry Peterson, Attorney General, Mr. J. R. McDougall, Assistant Attorney General, and Mr. Lloyd J. Andrews, County Attorney, for the State.

LOCKWOOD, J.—Appellants were convicted in the superior court of Maricopa county of the crime of manufacturing intoxicating liquor and sentenced to serve sixty days in jail and pay a fine. From said judgment they have taken this appeal. While there are some seven assignments of error, they together raise but one question, and that is whether certain evidence which was admitted as against appellants should have been suppressed by the court.

The facts in the case, taken in the strongest manner in favor of the state, as under our oft-repeated rule we must take them, may be stated as follows: On the 21st day of July, 1931, the sheriff's office of Maricopa county was informed that a holdup had occurred in the eastern part of the city, and certain deputy sheriffs had gone out trying to locate an automobile which was supposed to have been used in the holdup. During their investigations they passed by the home of appellants, which was situated a short distance from a public highway, and noticed in the back-yard an automobile which appeared from the highway to be similar in color to the one for which they were searching. They therefore went to the house and upon arriving thereat were met by Mrs. H. A. Thompson, the wife of one of the appellants. While standing there they detected the smell of either beer or whisky mash and began to question Mrs. Thompson regarding the matter, asking to see her husband. She called to him, and he came out from the basement of the house, and after a short time New also appeared.

The appellants were then questioned concerning the manufacture of intoxicating liquor and were asked if the officers might be permitted to enter the house and see what was there, the latter stating that if permission was refused they would have to secure a search-warrant. After some little discussion Thompson and New voluntarily and without any arrest or coercion of any nature agreed that the officers might enter, and they went to the basement, where New opened the door and the officers went in and found a still and various other apparatus which had been recently used in the manufacture of whisky.

After some discussion one of the officers went back to the courthouse to obtain a search-warrant, while the others moved the still and the other articles out into the courtyard. When the officer returned with the search-warrant, appellants were placed under arrest and, together with the various articles found in the basement, were taken to jail, and from that time on the case proceeded in the usual manner.

When the still and the articles taken from the basement were offered in evidence at the trial, timely objection was made by counsel for defendants on the ground that the same had been obtained illegally and without a search-warrant; but the court overruled the objection and permitted the evidence to go to the jury. The question now before us is whether or not this was error.

While this court has never expressly passed on the question of whether articles obtained illegally without a search-warrant may be used in evidence against a defendant, it has been the custom of the superior courts of the state, following the rule laid down by the Supreme Court of the United States, as well as by the appellate courts in many of the states, to suppress such evidence on timely objection. We think, however, it is unnecessary that in this case we should consider the abstract question. Assuming,

without deciding, that the law in Arizona is the same as in the federal courts, it is nevertheless held almost universally that the owner of premises may consent to a search being made, and if he does it voluntarily and without coercion of any nature he thereby waives his constitutional rights. *Frix* v. *State,* 148 Tenn. 478, 256 S. W. 449; *Driskill* v. *United States,* (C. C. A.) 281 Fed. 146; *United States* v. *Williams,* 295 Fed. 219; *Smuk* v. *People,* 72 Colo. 97, 209 Pac. 636; *Green* v. *State,* 92 Tex. Cr. 151, 241 S. W. 1014; *Cumpton* v. *City of Muskogee,* 23 Okl. Cr. 412, 225 Pac. 562.

The evidence in this case was sufficient to authorize both the court and the jury to believe that appellants had waived their rights in this respect, and such being the case, they could not afterwards successfully move to suppress the evidence on the ground that the search and seizure was made without a proper warrant.

The judgment of the superior court is affirmed.

McALISTER, C. J., and ROSS, J., concur.