### G. M. COBURN v. STATE.

No. A-10314.     April 26, 1944.

(148 P. 2d 483.)

Leon J. York, of Edmonton, Alberta, Canada, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and James M. Springer, Jr., Co. Atty., of Stillwater, for defendant in error.

BAREFOOT, J. Defendant, G. M. Coburn, was charged in the county court of Payne county with the crime of unlawful possession of intoxicating liquor, towit: Eleven pints of tax paid and six pints of bonded liquor; was tried, convicted and sentenced to pay a fine of $400, and serve five months in the county jail, and has appealed.

It is contended that this case should be reversed by reason of the refusal to suppress the evidence because of the invalidity of the search and seizure.

The evidence on the motion to quash revealed that the defendant resided in a rural residence near the city of Stillwater, in Payne county. That Joe Bradley, a deputy

sheriff, secured a search warrant on Saturday the 20th day of December, 1941, for the purpose of searching the premises of defendant. That on Sunday, the 21st day of December, he, in company with the chief of police of Stillwater and two other police officers, went to the home of defendant for the purpose of executing the search. When they arrived at the premises and contacted defendant, they saw several parked automobiles in the yard. Upon being told by the officers they intended to make search, he told them he had a number of friends there and it would be very embarrassing for them to search at that time. The officers, as a "courtesy" to the defendant, did not search at that time and left the premises. They did not serve the search warrant which they had, on defendant, but in less than an hour and when the guests had left, they returned to the premises and served the search warrant on defendant, and executed the same. As a result of the search, five pints of tax paid and bonded whisky were found in the residence of defendant, and 11 pints were found in a brush pile near a fence on the premises. The officers did not know whether the 11 pints were on his premises or not, but there was a path leading from his premises to where the liquor was found.

The defendant testified at the hearing on the motion to suppress the evidence, but did not testify at the trial of the case, and he did not offer any testimony.

The facts as above stated do not in our opinion bring this case within the rule often announced that officers may not twice search the same premises where only one search warrant is issued. Duncan v. State, 11 Okla. Cr. 217, 144 P. 629.

In each of the cases cited in defendant's brief, a search of the premises was made and the officers returned to the

premises for a second search. In the instant case no search was made at first, nor was the warrant served, but the officers as a "courtesy" to the defendant and at his request, did not search his premises while his friends and acquaintances were there. It occurs to us that defendant should not be permitted to receive this consideration from the officers, and then seek to take advantage thereof in the manner here contended. The state has not filed a brief in this case, and we have been unable to find a case where the facts are identical to the facts here.

The contention of the defendant that the court erred in refusing to sustain the demurrer to the information cannot be sustained. The allegations were that the defendant did "willfully and unlawfully have and possess a certain quantity of intoxicating liquor, towit: eleven (11) pints of tax paid and six (6) pints of bonded liquor."

We think that where the information stated "tax paid," and "bonded" liquor, that this is sufficient under the law, although the term "whisky" .was not used. The court would readily understand that "tax paid," and "bonded" liquor was whisky, and under these terms the defendant would be informed of the offense with which he stood charged.

It is finally contended that the judgment and sentence entered in this case is excessive and should be reduced. So far as this record is concerned, there is nothing to show that this defendant had, prior to this time, been before the courts and convicted of a violation of the prohibition laws. This court, however, takes notice of the fact that this same defendant has had numerous cases before this court where he was charged with violation of the prohibition laws. These cases have been affirmed; Coburn v. State, 70 Okla. Cr. 329, 106 P. 2d 533; Coburn v. Schroeder, 71 Okla. Cr. 405, 112 P. 2d 191; Coburn v. State, 76 Okla.

Cr. 85, 134 P. 2d 372. In one of them application was made to stay the sentence by reason of the age, infirmity and serious illness of the defendant.

Under all of these circumstances, and the facts in this case, and the amount of liquor found, we have come to the conclusion that justice would be subserved by reducing the sentence in this case to a fine of $150 and 60 days in the county jail.

As so modified, the judgment and sentence of the county court of Payne county is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.