McDonald *v.* State.

*(Knoxville,* September Term (May Session) 1952.)

Opinion filed June 5, 1953.

John A. Armstrong, of Greeneville, for plaintiff in error.

Nat Tipton, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Possessed of a search warrant valid on its face, six officers, after sufficiently serving the warrant on McDonald, searched his premises for intoxicating liquors. They found no liquors, and left. An hour later they returned, and, purporting to act under the authority of this same warrant, made another search. This time they found the whiskey upon which this conviction rests. Evidence of its finding was unsuccessfully excepted to by McDonald on the ground that the second search violated his constitutional right to security in house and possessions from unreasonable search. The determinative question made by McDonald's appeal is whether this second search under a warrant which had previously been served was an unreasonable search within the meaning of the aforesaid constitutional provision.

In so far as we can find, the question stated has arisen in the Courts of only three States, and never within our own. In each of the three cases found such second search has been held to be unreasonable within the meaning of the constitutional provision mentioned. *Coburn* v. *State,* 78 Okl. Cr. 362, 148 P. (2d) 483; *State* v. *Moran,* 103 W. Va. 753, 138 S. E. 366; *Gamble* v. *Keyes,* 35 S. D. 644, 153 N. W. 888. For analysis of these cases see 79 C. J. S.,

Searches and Seizures, Sec. 83, page 897; 74 A. L. R. page 1515; and 3 A. L. R. page 1521, respectively.

In this State a search warrant may be executed and returned at any time within five days after its date, Code, Section 11907. If for no other reason than that the officer still has it in his possession, a search warrant once served, but not returned, can be used a second time within that five days for the purpose of a second search of the premises described, then, logically, it would seem to follow that such officer, with his squad of assistants, may use it to make an indefinite number of such searches during that five days. Thus, this warrant could become a means of tyrannical oppression in the hands of an unscrupulous officer to the disturbance or destruction of the peaceful enjoyment of the home or workshop of him or her against whom the efforts of such officer are directed. On principle, therefore, such second search under the warrant seems to come within the prohibition of the unreasonable search and seizure clause of our Constitution, Article 1, Section 7.

So, on principle, as well as on persuasive precedent and sound public policy, this Court is of the opinion that—nothing else appearing—a second search of the premises under a search warrant that has already been once served with reference to those premises is an unreasonable search within the meaning of our constitution. Any evidence obtained by reason of such search is, therefore, incompetent. Since this conviction rests alone upon evidence so obtained, the judgment must be reversed and the cause remanded.