Elvina Cash CANIDA, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16693.

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1958.

Rehearing Denied March 17, 1958.

Morris Pepper, Houston, Tex., for appellant.

Malcolm R. Wilkey, U. S. Atty., James E. Ross, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

Indicted with two other defendants who are not concerned in this appeal, appellant was found guilty and given a general sentence of two years on six counts of an indictment, charging possession of goods stolen from an interstate shipment, knowing the same to have been stolen, in violation of Title 18 U.S.C. § 659, and on one count of conspiracy to violate the section.

Presenting as her primary contention that the evidence was insufficient to show that appellant received or possessed the alleged goods with knowledge that they were stolen, and therefore the court erred in not granting her motion for a judgment of aquittal, appellant is here insisting that the judgment should be reversed and the cause remanded with directions to enter such a judgment.

In the alternative, invoking the settled rule that statements made under such circumstances are not admissible, she urges upon us that reversible error was committed in admitting in evidence, over her objection, as a circumstance tending to show her guilt, statements made by her co-defendant Fletcher to a government agent after the alleged conspiracy was ended and Fletcher was in custody.

Additional claims of error are: (1) that her premises were illegally searched, and evidence seized or taken therefrom was erroneously admitted; and (2) that there was error in admitting into evidence as plaintiff's exhibit No. 62 a small memorandum pad, over appellant's objection, that the entry and search by which it was obtained was illegal and that there was no evidence connecting it or the entries contained therein with the offenses charged or with appellant.

As evidence of the highly prejudicial character of the admission of Fletcher's testimony, she points to the importance attached to this testimony by the district judge, as shown by his statement on page 500 of the Record. There, in denying defendant's motion for an acquittal, the court said in part:

"I will overrule the motion. I think a case for the jury has been made. * * * Now it is in evidence that the defendant Fletcher told Agent Muscatello that he would find some of the suits at Cash Cleaners. That is a circumstance which may be considered and it is a circumstance which could be consistent with guilt made by a man who had made guilty admissions to Agent Muscatello."

In support of her first ground, appellant, pointing to the purely circumstantial character of the evidence against her and citing some of the many circumstantial evidence cases in which judgments of acquittal have been entered,[1] insists: that all that was shown was the mere possession of stolen property and that, in view of the satisfactory explanation of the possession made in the evidence, this does not warrant an inference of guilt, and an acquittal should have been directed. She insists further, that if, as the district judge seemed to think, the statements made by Fletcher to the government Agent, implicating appellant, were, taken with the other evidence, sufficient to turn the scale, this would not support the submission to the jury and the verdict and judgment, for that these statements, basically inadmissible as they were against appellant, could not under settled rules of law be weighed in the balance upon her motion for acquittal.

Upon her second alternative ground, that the evidence obtained by a search of her premises without a warrant was inadmissible, appellant scouts the claim of

1. United States v. Wainer, 7 Cir., 170 F.2d 603; Cherry v. United States, 7 Cir., 78 F.2d 334; Caringella v. United States, 7 Cir., 78 F.2d 563 and 198 F.2d 3; and Roma v. United States, 7 Cir., 53 F.2d 1007. Cf. Kent v. United States, 5 Cir., 209 F.2d 893 and what is said on page 899.

the government, that, confronted by persistent and insistent federal officers demanding of her a written consent to search her premises, which consent she steadfastly refused, appellant's action in not further and forcibly indicating her dissent amounted to her freely and voluntarily inviting them to enter her home and the business premises where she worked and make a search thereof.

Finally, on her claim that it was highly prejudicial error to permit the introduction in evidence against her of the memorandum pad, appellant, marshalling the evidence in respect to it, vigorously insists that her claim is sound and must be sustained.

Meeting her primary claim head on and, for convenience of briefing, taking up her gauntlet by considering the evidence as to one count only, count seven, for the reason advanced by it that, since the sentence was for only two years, and if the evidence was sufficient on this count, it was immaterial whether it was or was not on the other counts, the government carefully takes up and as carefully discusses appellant's contentions.

Beginning with the fact that the stolen character of the goods was not disputed and pointing to undisputed evidence showing: that the shipment had a value in excess of $100, that it moved interstate, and that it was wrongfully converted; the government, proceeding to the crucial point in the case and arguing that, though the evidence was circumstantial, it strongly pointed to defendant's guilt and was inconsistent with any other theory, insists that the evidence was sufficient to take the case to the jury and that the denial of the judgment of acquittal was entirely correct.

As to Exhibit 62, which was seized without a warrant and without any claim that its seizure was consented to, the government insists that the seizure was legal because made as an incident to defendant's arrest and the agent had reasonable ground to believe that she was guilty of a felony.

As to the point appellant makes that the evidence did not connect appellant with the book or it with the crime charged, it insists, citing Hartzel v. United States, 8 Cir., 72 F.2d 569 and other cases, including Curtis v. United States, 5 Cir., 38 F.2d 450, that there was enough specificity in the items, taken with the other evidence, to connect this book not only with the stolen property but with appellant.

Finally, in opposition to appellant's position that the motion to suppress evidence should not have been denied, appellee stands firmly on the judge's finding that the defendant gave free consent and on the evidence claimed as supporting it. So standing and arguing that no reversible error is shown, it insists that the judgment must be affirmed.

■■■■ We do not think so. On the contrary, we think it clear: that the admission into evidence of Fletcher's statements and the weight given them by the court *in determining, upon appellant's motion to acquit, whether there was sufficient evidence to take the case to the jury* constituted highly prejudicial error; and that because thereof the judgment must be reversed and the cause remanded for a new trial. The position of the United States, in its reply brief, that the admission of the testimony was not error because it was offered in connection with the motion to suppress evidence and not as having bearing on defendant's guilt, is clearly shown upon the record as a whole and by the judge's comment on the effect of Fletcher's admissions to be not a correct but a wholly incorrect position. In addition, the government's contention that under our Rule 24, subd. 2(b), 28 U.S.C., since the error was not made one of the specifications of error, it cannot be considered, must be rejected out of hand. The rule itself provides that the court may, of its own motion, notice a matter not specified. Here the error was clearly and plainly called to the attention of this court by the appellant in her brief in connection with the specification of error that the evidence was insufficient

to take the case to the jury *since the evidence which was relied on in part by the court was itself inadmissible.* Further, it was plain error under Rule 52(b), Federal Rules of Criminal Procedure, 18 U.S.C.

 As to the claimed consent to search, while it is true that really free and voluntary consent to a search is sufficient to justify it, Calhoun v. United States, 5 Cir., 172 F.2d 457, it is equally well settled that a consent which is not so given or in the obtaining of which the assertion of force and pressure or of superior authority had any place is violative of the Constitutional protection. Especially is this the case in situations of this kind, involving such a disparity of position as that of the government agent and this humble defendant. Here, after failing to induce or force her to sign a consent, the agents, after consulting with superior authority and getting backing for their forcing their way in, proceeded with the search under the wholly untenable claim that, though they had been unable to get her to agree in writing to consent, they had obtained her free and voluntary oral consent, in short her invitation to enter her home and search it out.

The law is not so written. In Ray v. United States, 5 Cir., 84 F.2d 654, 656, this court, in rejecting a verdict in effect finding that there had been consent to search, said:

"* * * whatever justification for seizing an automobile without a warrant may be spelled out of its fugitive and ambulatory abilities, none may be advanced to excuse the compulsory search of and seizure in a private home without one. 'While the question has never been directly decided by this court, it has always been assumed that one's house cannot lawfully be searched without a search warrant, except as an incident to a lawful arrest therein. * * * The protection of the Fourth Amendment extends to all equally— to those justly suspected or accused,

as well as to the innocent. The search of a private dwelling without a warrant is in itself unreasonable and abhorrent to our laws. Congress has never passed an act purporting to authorize the search of a house without a warrant.' Agnello v. United States, 269 U.S. 20, 32, 46 S.Ct. 4, 6, 70 L.Ed. 145, 51 A.L.R. 409; cf. Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159. *In respect of homes the constitutional provision against unreasonable searches and seizures may not be relaxed to find volitional, acts which the evidence leaves no doubt were, if not* expressly, impliedly coerced. Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654." (Emphasis supplied.)

 To hold, as was done in this case, that agents can, by the application of sufficient pressure upon persons either too timid or too unadvised of their rights to assert them, do away with the necessity of obtaining a search warrant for their homes is to completely nullify the Fourth Amendment. As we said in Clay v. United States, 5 Cir., 239 F.2d 196, at page 204:

"Compliance with and enforcement of laws intended to secure basic freedoms to the citizen is as much the duty of the officer, Miller v. United States, 5 Cir., 230 F.2d 486 [489], as is the successful making and prosecution of cases under those Federal statutes committed to an agency."

Miller's case, above cited, presents on different facts, indeed on a situation in reverse, the same over-zealousness in sublimating the claimed rights of officers to enter private dwellings over the established rights of their occupants to refuse such entry. There a negro woman had been charged with and convicted of the crime of violating Sec. 1501, 18 U.S.C. by obstructing officers because she had refused to permit a deputy U. S. Marshal to enter her home to serve a subpoena on one harboring therein. This court, re-

versing the conviction and directing an acquittal, said:

"Upon what ground did the officers have the right to enter her home? They admittedly had no search warrant and her claim of this sacred privilege was both natural and inherently profound. She was entitled to be secure in her home, free from unreasonable search, under the guarantee of the Fourth Amendment to the Constitution. There was neither search warrant nor any other lawful ground. She asserted a right which was hers and which none could take away. That it gave temporary respite to Morris, or subjected the officers to the inconvenience of getting a lawful writ, neither detracts from this right nor subjects her to a crime for having asserted it. (Citing cases.)

"Execution of process and the performance of duty by constituted officers must not be thwarted. But these agents, servants of a Government and a society whose existence and strength comes from these constitutional safeguards, are serving law when they respect, not override, these guarantees. The claim and exercise of a constitutional right cannot thus be converted into a crime."

Because, for the reasons above stated, the judgment will be reversed and the cause remanded for another trial, on which the evidence may be entirely different, and because the conclusion of the district judge, which if based on admissible evidence is entitled to and has great weight in determining whether a sufficient case for a jury verdict is made out, was based in part on inadmissible evidence, it would be inappropriate for us to say whether we think the evidence properly in the case would have been, or would be, sufficient to take the case to the jury. Without expressing any opinion on that point, therefore, we order the judgment reversed and the cause remanded because of the errors above pointed out, and for further proceedings not inconsistent herewith.