Willie Frank FOSTER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16212.

United States Court of Appeals Eighth Circuit.

Aug. 18, 1960.

Rehearing Denied Sept. 21, 1960.

electric adding machine, of a value in excess of $100, which had been stolen from an interstate shipment consigned by the Remington Rand Company, Elmira, New York, to Remington Rand, St. Louis, Missouri, and which machine Foster knew had been stolen; this in violation of 18 U.S.C. § 659.

The evidence at the trial was entirely that of the Government. The defendant offered none. The record shows that on August 2, 1958, at about 10:30 a. m., police officers of the City of St. Louis, Missouri, entered the Metronome Tavern,[1] at 1919 Franklin Avenue in that City; that the tavern was open; that they made a search of the place; that the rear room or office of the tavern was locked; that Lulu May Foster, the defendant's wife, had a key and voluntarily opened the door to this room; that there the officers found a Remington-Rand, Model No. 93, grey-painted adding machine; that this was about fifteen minutes before the defendant arrived on the scene; that he, when asked what he was doing with the machine and where he got it, said he sometimes used it to tally receipts of the tavern, and that he purchased it from "a fellow by the name of Giddy Gus"; that the machine was taken to Police Headquarters; that the Police turned it over to the Federal Bureau of Investigation; that no federal agent or officer had had anything whatever to do with the search of the tavern or the seizure of the adding machine, which turned out to have been stolen from the interstate shipment referred to in the indictment, and to have been sold by the thief to the defendant.

Under the evidence adduced by the Government at the trial, the jury was entirely justified in finding the defendant guilty, and hardly could have done otherwise. The trial court committed no error in submitting the case to the jury.

There is only one meritorious question raised by the defendant. That is whether the evidence obtained by the

Willie Frank Foster, pro se.

Harry Richards, U. S. Atty., and Noel L. Robyn, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before SANBORN, VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal in forma pauperis from a judgment and sentence of five years' imprisonment. The judgment was based upon the verdict of a jury, and was entered April 10, 1959. The verdict determined that Willie Frank Foster was guilty, as charged by indictment, of having in his possession on August 2, 1958, in St. Louis, Missouri, a Remington Rand

1. There was evidence that the defendant's wife managed the tavern and that the defendant had been employed there.

police officers in their search of the tavern on August 2, 1958, should have been excluded. The defendant made a timely motion, under Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C., to suppress as evidence the adding machine. The motion was denied. The machine was received into evidence over objection at the trial. The District Court, in view of our decisions in Jones v. United States, 8 Cir., 217 F.2d 381, 382–383, and Costello v. United States, 8 Cir., 255 F.2d 389, 394–395, admitted the evidence procured by the police officers and turned over by them to the Federal Bureau of Investigation.

The Supreme Court, on June 27, 1960, held in Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, and Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, "that evidence seized in an unreasonable search by state officers is to be excluded from a federal criminal trial upon the timely objection of a defendant who has standing to complain." (Rios, at page 255 of 364 U.S., at page 1433 of 80 S.Ct.) There is nothing in the record before us to establish as a matter of law that the search by the Police of the rear room of the tavern and the seizure of the stolen adding machine were not unreasonable or that the seizure, under the surrounding facts, fell "within one of the exceptions to the rule that a search must rest upon a search warrant." (Rios, at page 261 of 364 U.S., at page 1436 of 80 S.Ct.)

We think the defendant, despite his somewhat vague and elusive connection with the tavern, cannot be said, as a matter of law, to have been without "standing" to complain of the introduction into evidence of the stolen adding machine, with the unlawful possession of which he was charged. See and compare, Jones v. United States, 362 U.S. 257, 261–267, 80 S.Ct. 725, 4 L.Ed.2d 697. The evidence tending to show that Lulu

May Foster, the defendant's wife, was, at the time of the search and seizure, in charge of the tavern, and, in the absence of the defendant, voluntarily admitted the police officers to the rear room where the adding machine was found, was not, in our opinion, sufficient to establish conclusively the reasonableness of the search or a waiver of the defendant's rights under the Fourth Amendment. See, in this connection: Amos v. United States, 255 U.S. 313, 317, 41 S.Ct. 266, 65 L.Ed. 654; Williams v. United States, 105 U.S. App.D.C. 41, 263 F.2d 487, 490–491; Canida v. United States, 5 Cir., 250 F.2d 822, 824–826; and Annotation, 31 A.L.R. 2d 1078–1102. It seems apparent to us that the trial judge, in denying the defendant's motion to suppress the stolen adding machine as evidence and admitting it into evidence, over objection, at the trial, relied largely, if not entirely, upon our decisions in Jones v. United States and Costello v. United States, and not upon any evidence that consent had been given for the search or that the defendant was without standing to challenge its legality. In the event of a retrial of this case, the issues whether the defendant had standing to complain of the search, and whether the search was lawful because of the wife's consent or for any other reason, will be open for consideration and decision. The Government will be free, upon a retrial, to prove, if it can, that the search was reasonable or to establish the guilt of the defendant without relying upon the fruits of the search.

Our conclusion is that the opinions of the Supreme Court in the Elkins and Rios cases require a vacation of the judgment appealed from, and the remand of this case to the District Court for further proceedings in accordance with the teachings of those opinions. It is so ordered.