383 P.2d 167

**STATE of Arizona, Appellee,**

**v.**

**Jesus PINA, Appellant.**

**No. 1214.**

Supreme Court of Arizona.

In Division.

June 19, 1963.
**Rehearing Denied Sept. 17, 1963.**

---

---

Robert W. Pickrell, Atty. Gen., David M. Lurie, Asst. Atty. Gen., and Charles N. Ronan, County Atty. of Maricopa County, for appellee.

Allen, Fels & Angle and Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellant.

STRUCKMEYER, Justice.

Jesus Pina was convicted of illegal possession of Heroin, a felony, in violation of A.R.S. § 36–1002. From the judgment and sentence thereon, he appeals.

He complains of the refusal of the lower court to suppress and exclude at the trial the narcotic and related evidence concerning its finding in the attic of his residence. It is urged that it was obtained through an illegal search and seizure in violation of the Fourth Amendment to the Constitution of the United States. The Fourth Amendment provides that the right of a person to be secure in his person, house, papers and effects, "against unreasonable searches and seizures, shall not be violated, * * *."

In the past this Court has repeatedly held that the product of an unreasonable search and seizure and the accompanying circumstances were admissible in evidence in a criminal prosecution of an accused. State v. Thomas, 78 Ariz. 52, 275 P.2d 408; State v. Berg, 76 Ariz. 96, 259 P.2d 261; State v. Pelosi, 68 Ariz. 51, 199 P.2d 125; State v. Frye, 58 Ariz. 409, 120 P.2d 793. The decisions in those cases were consistent with the views expressed by the United States Supreme Court in Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782. However, on June 19, 1961, in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, the Supreme Court of the United States specifically overruled Wolf v. Colorado. It was there decided that evidence obtained in violation of rights guaranteed by the Fourth Amendment was not admissible in a state court in a prosecution against the individual whose rights had been violated. The decisions of the Supreme Court of the United States interpreting the Federal Constitution are the law of the land applicable to all alike. Accordingly, the foregoing enumerated state decisions are overruled insofar as they conflict with the United States Supreme Court decision in Mapp.

Both appellant and appellee discuss at length whether the decision in Mapp

should be applied retroactively. There is no issue as to its retroactive application. The case here for decision was active and pending in the courts of Arizona at the time of that decision. Defendant preserved the necessary record to save the issue in this Court by appropriately moving in the trial court to suppress the evidence. No question of the retroactive application of Mapp being present, we intimate no opinion concerning the merits thereof.

Further facts disclose that after the issuance of a search warrant police officers went to Pina's residence and searched it thoroughly finding no narcotics of any kind. This initial search took place at approximately 3:00 P. M. on June 30, 1960. At approximately 7:00 P. M. of the same day without obtaining a further warrant the officers returned to the Pina residence and conducted another search which produced the Heroin upon which the charge was based.

■ Appellant urges that the search warrant issued and used in the 3:00 P. M. search could not serve as a legal basis for the second search. Although the decided cases are relatively few in number, it has uniformly been held that a second search based on the same warrant is an unreasonable search. McDonald v. State, 195 Tenn. 282, 259 S.W.2d 524; Coburn v. State, 78 Okl.Cr. 362, 148 P.2d 483; Duncan v. State, 11 Okl.Cr. 217, 144 P. 629; Gamble v. Keyes, 35 S.D. 644, 153 N.W. 888; State v. Moran, 103 W.Va. 753, 138 S.E. 366; McDaniel v. State, 197 Ind. 179, 150 N.E. 50. The reasoning is aptly stated in McDonald v. State:

"In this State a search warrant may be executed and returned at any time within five days after its date, * * *. If for no other reason than that the officer still has it in his possession, a search warrant once served, but not returned, can be used a second time within that five days for the purpose of a second search of the premises described, then, logically, it would seem to follow that such officer, with his squad of assistants, may use it to make an indefinite number of such searches during that five days. Thus, this warrant could become a means of tyrannical oppression in the hands of an unscrupulous officer to the disturbance or destruction of the peaceful enjoyment of the home or workshop of him or her against whom the efforts of such officer are directed." 259 S.W.2d at 524.

Where as in this state the warrant must be returned within ten days the reasoning is doubly applicable.

The state urges, however, that even if the second search was unreasonable, because without a valid warrant, the officers none-

theless obtained the consent of the defendant's wife and therefore any constitutional infirmity was waived. Apparently when the officers came back at 7:00 P. M., Mrs. Pina was informed that they had returned to renew the search. They were then admitted without further protest.

It is true that a defendant may waive his constitutional right by freely consenting to an otherwise unauthorized search and seizure, Thompson v. State, 41 Ariz. 167, 16 P.2d 727. Obviously a third person cannot waive another's basic constitutional rights against unlawful searches and seizures unless specifically authorized. It is the better rule that a spouse is not impliedly authorized by reason of the husband-wife relationship to waive the constitutional protection. Dalton v. State, 230 Ind. 626, 105 N.E.2d 509, 31 A.L.R.2d 1071; Foster v. United States, 8 Cir., 281 F.2d 310; Cofer v. United States, 5 Cir., 37 F.2d 677; United States v. Rykowski, 6 Cir., 267 F. 866; Manning v. Commonwealth (Ky.), 328 S.W.2d 421; Simmons v. State, 94 Okl.Cr. 18, 229 P.2d 615; cf. State v. Evans, (Hawaii) 372 P.2d 365.

The judgment is reversed and the cause is remanded for proceedings not inconsistent with this decision.

BERNSTEIN, C. J., and LOCKWOOD, J., concur.