**Carrol L. DICKENS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 496.**

Supreme Court of Alaska.

Feb. 11, 1965.

James K. Tallman, Anchorage, for appellant.

James N. Wanamaker, Dist. Atty., and Dorothy Awes Haaland, Asst. Dist. Atty., Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND, and AREND, JJ.

NESBETT, Chief Justice.

Appellant was indicted, tried and convicted on five counts of an indictment charging embezzlement by an agent in violation of AS 11.20.280. We gather from the record that the alleged agency status of the defendant consisted of his acting as a collector for others of accounts receivable on a percentage basis.

The first point to be considered on appeal is appellant's claim that the trial court erred in permitting a police officer to remain in the courtroom throughout the trial.

At the commencement of trial counsel for appellant moved the court to invoke the rule and exclude from the courtroom any of the state's witnesses not at the time under examination.[1] The court granted the request, but stated that it would permit Officer Lancaster, who was the detective in charge of the investigation of the case,

1. The rule referred to is Civ.R. 43(g) (3) which states:

(3) *"Exclusion of Witnesses From Courtroom.* At the request of any party, the court may exclude from the courtroom any witness of the adverse party not at the time under examination, so that he may not hear the testimony of other witnesses."

This rule is extended to cover criminal cases by Crim.R. 26(a) which states in part:

"The admissibility of evidence shall be governed by Civil Rule 43 and by these rules, or in the absence of rule, by the principles of common law as they may be interpreted by the courts of the state in the light of reason and experience." * * *

NOTE: AS 09.20.180 is nearly identical with Civ.R. 43(g) (3).

to remain in the courtroom and sit with the Assistant District Attorney. Appellant made timely objection.

As counsel for appellee points out in her brief, the present Alaska rule of court is derived from the early laws of Oregon. An almost identical provision is still the law of Oregon.[2]

The Supreme Court of Oregon has construed its statute as vesting a wide discretion in the trial judge and as not requiring the exclusion from the courtroom of parties directly interested in the result of the trial or of any witnesses whose presence might be required to assist the attorneys in the trial of their case.[3]

Although no court rule or statute existed in Arizona, the supreme court of that state held that the common law vested in the trial judge a discretionary right to exclude witnesses from the courtroom, but that generally the complaining witness, the sheriff, and peace officers assisting the prosecutor were exempt.[4]

We shall interpret Civil Rule 43(g)(3) in the light of what appears to be the better reasoned authorities and the majority rule, as outlined above.

■ It is not disputed that Officer Lancaster was the detective in charge of investigating the case. The request of the Assistant District Attorney that the officer be permitted to remain in the courtroom to assist him in the trial of the case was based upon that fact as was the order of the

judge granting the request. No error was committed.

Appellant's next point is that error was committed in refusing to dismiss the indictment because, as a matter of law, the crime of embezzlement was not committed.

Appellant argues that each creditor for whom he was making collection in this case had assigned legal title to the claim to appellant and that since he was entitled to a percentage of the amount collected he was a debtor of the creditor-assignor after a collection, rather than an agent.

In support of his argument appellant cites several early cases which hold that professional collectors acting under authorization from their principal are nevertheless on a different footing from other agents because they hold legal title to the claim by reason of an assignment.[5]

■ We are more impressed by and shall follow the rule enunciated in certain recent authorities. In State v. Atwood[6] it was held that where the assignment of legal title had been made for collection only, the defendant could be convicted of embezzlement as an agent of the assignor, where he had withheld the assignor's two-third share of the collection with intent to defraud or deprive him of the money and convert it to his own use.[7]

Appellee's request that the court consider as abandoned those points attempted to be raised by appellant in parts I, II, IV, VI, VII, VIII, IX, X and XI of his brief is granted. The coverage of these points in

2. Ore.Rev.Stat. 45.510.

3. State v. Ede, 167 Or. 640, 117 P.2d 235 (1941) and early Oregon cases cited therein.

4. State v. Thomas, 78 Ariz. 52, 275 P.2d 408, 415–16 (1954), aff'd, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863 (1958); overruled on another ground, State v. Pina, 94 Ariz. 243, 383 P.2d 167 (1963).

5. Commonwealth v. Libbey, 11 Metc. 64, 45 Am.Dec. 185 (Mass. 1846); State v. Kent, 22 Minn. 41, 21 Am.Rep. 764 (1875) where the collector of pew rents was entitled to a percentage of collections as his commission, it was held he could not be guilty of embezzlement since he was a joint owner of the funds collected.

6. 187 Kan. 548, 358 P.2d 726 (1961).

7. See also Commonwealth v. Willstein, 146 Pa.Super. 357, 22 A.2d 613 (1941); Ainsworth v. State, 105 Tex.Crim. 212, 287 S.W. 250 (1926).

the brief consists variously of the bare statement that the court erred; or that appellant's case was prejudiced; or of an argumentative interpretation of the evidence with respect to an instruction. There are no citations to the law with respect to any of these points. No arguments are advanced based on the facts of the case to show that appellant's rights have been prejudiced.[8]

The judgment below is affirmed.

8. Veal v. Newlin, Inc., 367 P.2d 155, 157 (Alaska 1961); Gregory v. Padilla, 379 P.2d 951, 954 (Alaska 1963).