## 50842. DELANEY v. THE STATE.

MARSHALL, Judge.

This is an appeal by the appellant Delaney from an adverse ruling to his motion to suppress evidence of contraband drugs seized in a search of appellant's apartment and automobile. The products of that search resulted in an indictment charging appellant and his wife with violations of the Georgia Controlled Substances Act (2 counts), alleging the unlawful possession of lysergic acid diethylamide (LSD) and less than one ounce of marijuana.

Appellant appeared for arraignment on the above indictment but prior to arraignment requested a suppression hearing alleging that a search made by police officers was invalid and illegal. At that hearing, the state offered the evidence of a sole police officer who testified relative to the issuance of a search warrant and a search subsequently made upon the execution of the warrant. The issuing justice of the peace was not called as a witness.

The face of the warrant reflects that the affiant, Officer Green, swore to the following: "I have received information from a reliable informer that Robert Delaney of Apartment 0-6, 4233 Jonesboro Road, Forest Park, Clayton County, Georgia, has in his possession at his residence approximately 30 hits PCP for sale and a small certainty [sic] of marijuana and informant states he has personally seen said contraband within the past two hours earlier and Delaney wanted to sell the said contraband. Informant to be reliable because he knows and has close contact with Delaney and is a good worker and a good citizen. Based upon informant's above information I have reason to believe the laws contrary to State of Georgia Control Substance Act is being violated in Apartment 0-6, 4233 Jonesboro Rd., Forest Park,

Clayton County, Georgia. The above contraband is believed to be contained in a blue 1968 Chevrolet owned by Delaney. Confidential informer said that Delaney has been known to carry contraband in his automobile."

Based upon the above information, a search warrant was issued at 12:30 a.m. on September 11, 1974. A detective was sent to Delaney's apartment within 30 minutes of the issuance of the warrant on September 11, 1974, to make a "buy" of some of the drugs the informer said was in the possession of Delaney. Delaney informed the detective that he (Delaney) did not have any drugs then but that he could get some within the week. The warrant was held up for a week until it was probable ("until we felt") Delaney had some drugs in the apartment. There is no evidence that the warrant was returned to the issuing magistrate or that functionary was ever advised the police officers wished to execute a warrant on different drugs at a later date or by what means on September 18, 1974, the officers became aware that appellant had contraband drugs. In any event, on September 18, 1974, the officers did execute the original warrant and during the ensuing search seized the LSD and marijuana which formed the basis of the indictment. *Held:*

1. The issuing justice of the peace authorized a warrant for the search and seizure of 30 "hits" of PCP and a small quantity of marijuana in appellant's possession on September 11, 1974. The officers who were to execute the warrant and seize the drugs determined those drugs were no longer in appellant's possession. However, based upon what appellant told them, they believed they could reasonably expect to find "some other drugs," type undisclosed, on some future date about a week later than the date of the issuance of the original and only warrant. Perhaps the officers could have made showing of probable cause to the judicial officer for the issuance of another warrant or modification of the original based on the information given them by appellant that he would have some drugs within the week. However the officers chose not to follow this procedure but simply utilized the original warrant to seize the later supply of different drugs.

"Search warrants are of such grave importance that they may be amended, if at all, only by the officer issuing them, and then only in conformity with the affidavits or depositions on which they are based." 79 CJS 896, Searches and Seizures, § 82. "A warrant once served cannot be used for the purpose of additional searches." Id., p. 897, § 83.

While it is true that the warrant was not served or executed on September 11, 1974, this was only because the officers possessed of that warrant apparently were satisfied and convinced the contraband drugs described in the warrant no longer were in appellant's possession. We believe the rationale prohibiting a second search on the same warrant has full force and effect in this case. As was stated in a case from the State of Arizona, "Although the decided cases are relatively few in number, it has uniformly been held that a second search based on the same warrant is an unreasonable search." State v. Pina, 94 Ariz. 243, 246 (383 P2d 167). See also: McDonald v. State, 195 Tenn. 282 (259 SW2d 524); McNear v. Rhay, 65 Wash. 2d 530 (398 P2d 732). Once the officers concluded the appellant was to be searched at a later time for a different "batch" of drugs, they were bound to return to a judicial officer to seek a new or modified warrant. Since only a judicial officer may issue a search warrant, it is axiomatic that the right to alter, modify, or correct that warrant is necessarily vested only in that authority. United States v. Mitchell, 274 F 128; Hernandez v. People, 153 Colo. 316 (385 P2d 996); State v. Lee, 247 La. 553 (172 S2d 678).

It follows the warrant utilized in this case was illegally used to seize the drugs forming the basis of the indictment against the appellant. The trial court erred in failing and refusing to grant appellant's motion to suppress the products of the illegal search.

2. In view of the above disposition of the case, we need not review other issues raised by appellant contesting the legality of the search.

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

SUBMITTED JUNE 16, 1975 — DECIDED SEPTEMBER 2, 1975.

*Watson, Brown, Foster & Keller, Robert E. Keller,* for appellant.

*William H. Ison, District Attorney, J. W. Bradley, Assistant District Attorney,* for appellee.