## Duncan v. Commonwealth.

(Decided May 1, 1923.)

## Appeal from Fayette Circuit Court.

Searches and Seizures—Wife of Accused Held not to Have Waived Objection to Search of His Home Without Warrant.—Regardless of whether wife of defendant can ever' waive his constitutional immunity against unreasonable search of his dwelling, her consent that two men whom she knew to be the sheriff and his deputy might make a search, as they requested, was given under the coercion of their official character, and was not a waiver of the right of defendant.

J. J. McBRAYER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellant was arrested on a warrant charging him with the illegal possession of intoxicating liquors, and on his trial in the quarterly court of Fayette county was found guilty.

He thereupon superseded the judgment and appealed to the Fayette circuit court in which tribunal he was again tried and found guilty, and from that judgment this appeal is prosecuted.

The only question necessary to consider is the admissibility of certain evidence procured by the sheriff of Fayette county and his deputy when they searched appellant's home in his absence.

The sheriff stated that he went to the home of appellant in Lexington on Sunday morning in September, 1922, accompanied by his deputy, Davis; that the house was the home of appellant; that appellant was not at home at the time, but that his wife was there, and when she came to the door he informed her he was sheriff and told her he understood there was some whiskey there; that he asked for her husband and she said he was out driving in an automobile; that he had no search warrant, but that the wife told him to come on in and search for the whiskey, and after this statement he did go in, searched the house and found a quantity of whiskey.

The evidence of the deputy sheriff is in substance the same except he says appellant's wife recognized the sheriff and spoke to him by name when they went to the door.

We have then the question whether an officer who discloses his identity as such, or who is known to be such, may lawfully search the home of one in his absence by consent or acquiescence of the wife, who is present at the home.

For the purposes of this appeal it is unnecessary to determine whether under any and all circumstances a man's wife in his absence may or may not waive his constitutional rights. It is only necessary to decide whether under the facts and circumstances in evidence, and the coercion to be implied therefrom, there was an effectual waiver upon the part of the wife so as to authorize the search.

The case of Amos v. United States, 255 U. S. 313, furnishes a complete answer to this inquiry. In that case two federal officers went to defendant's home without a warrant and not finding him there, but finding his wife, told her they were revenue officers and had come to search the premises for violations of the revenue law, whereupon the wife opened the door and the witnesses entered and found the evidence which was the basis of the prosecution.

In response to the argument that the constitutional rights of the defendant had been waived by this action of his wife, that court said:

"The contention that the constitutional rights of defendant were waived when his wife admitted to his home the government officers, who came, without warrant, demanding admission to make search of it under government authority, cannot be entertained. We need not consider whether it is possible for a wife, in the absence of her husband, thus to waive his constitutional rights, for it is perfectly clear that under the implied coercion here presented, no such waiver was intended or effected."

It is apparent from the language quoted the court, without determining whether the wife might waive the constitutional rights of her husband, was of opinion that the wife by reason of the coercive situation implied from the presence of the officers of the law was relieved from the implication there was any purpose upon her part to waive such rights, or that under such conditions there was in fact such a waiver.

In reliance upon the sound principle there announced, we are of opinion the trial court should have held the evidence in this case inadmissible.

The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.

Whole court sitting.