## Veal v. Commonwealth.

(Decided June 5, 1923.)

## Appeal from Clark Circuit Court.

1.  Criminal Law—Evidence Obtained by Search of Residence of Accused Without Warrant is Inadmissible.—A search made of the home of an accused without a search warrant regular upon its face was unlawful, and the evidence so obtained is not admissible against him on a trial for unlawfully having possession of, or selling, liquors, or unlawfully having in possession a moonshine still.

2.  Criminal Law—Evidence of Policeman Who Found Mash in View Held Incompetent.—Where officers went to the house of accused to search it without a warrant, testimony by one of them, who went to the rear of the house and there saw mash barrels in plain view, is incompetent.

3.  Searches and Seizures—Consent of Wife to Search in Absence of Accused Does Not Render Search Lawful.—The fact that the wife of accused in his absence consented to a search of his residence by police officers, without a warrant, does not make the search lawful.

4.  Searches and Seizures—Permission to Search for Man Wanted Does Not Authorize Search for Still.—Permission to search a residence for a man who was wanted by the officers does not give permission to the officers to search for a moonshine still, and does not render admissible evidence of the finding of such still during the search.

RODNEY HAGGARD for appellant.

THOS. B. McGREGOR, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Appellant, Veal, is a colored man living with his wife at his home in a colored district of Winchester. On January 2, 1923, the chief of police and two other policemen of the city of Winchester called at his house at nighttime when he (Veal) was away from home, and asked his wife, who came to the door, if Lawrence Green, a colored man from Ohio, was in the house, and upon being told by the wife that he was not in the house the chief of police asked permission to enter the house and search for Green. This she readily consented for them to do. Upon this permission the chief of police and another policeman entered the house and began to search for Green. Be-

fore entering the house he sent one of his assistants to the rear of the house, and he smelled sour mash, and to find it looked in at a window and under the floor in the basement and discovered there some barrels which smelt of sour mash. The chief and his assistant also smelt sour mash in the house, and they searched the kitchen and by the side of the stove they found a fully equipped distillery for the making of whiskey, with pipes running down through the floor to the mash barrels in the cellar. Appellant was not at home. Later he was arrested on a charge of unlawfully having in possession a moonshine still and upon being tried was found guilty and his punishment fixed at a fine and imprisonment. Appellant objected to the evidence given by the policemen concerning the finding of the distillery in his house because unlawfully obtained, and at the conclusion of the evidence moved the court to exclude all the evidence concerning the finding of the distillery and the barrels of mash, which would have left no evidence to support the verdict.

This court has held in a number of cases that a search made of the home of an accused without a search warrant regular upon its face was unlawful and the evidence so obtained would not be admitted against him on a trial for unlawfully having in possession or selling liquors, or unlawfully having in possession a moonshine still. Mattingly v. Commonwealth, 197 Ky. 584; Youman v. Commonwealth, 189 Ky. 152; Ash v. Commonwealth, 193 Ky. 452.

It is earnestly insisted, however, by the Commonwealth that inasmuch as the policemen who went to the rear of the house and found the mash barrels, which were in plain view, was a competent witness his evidence was properly admitted. This is contrary to the rule recently laid down by this court in the case of Jordon v. Commonwealth, 199 Ky. 331.

The Commonwealth undertakes to distinguish this case from the cases in which we have held that evidence obtained by a search without a warrant regular upon its face was incompetent and should be excluded upon motion of appellant by asserting in this case that the officers who obtained permission of the wife of appellant to enter the house and search for Green were rightfully on the premises. This question, insofar as it related to the power of the wife to grant permission to police officers to search her husband's house in his absence, has been

decided contrary to the contention of the Commonwealth in the case of Duncan v. Commonwealth, 198 Ky. 841; Amos v. U. S. 255, U. S. 313; Potowick v. Commonwealth, 198 Ky. 843; Hart v. Commonwealth, 198 Ky. 844.

Furthermore, permission was not given, according to the policemen, to search the house for liquor or for a moonshine still, but only given for the purpose of searching for a colored man named Lawrence Green. The police officers testified that they searched several other houses in the colored district for this man before they reached appellant's house. They were not, according to their testimony, looking for liquor or searching the house for a still. They were searching for Lawrence Green, and asked permission only to make a search for that purpose. They had no permission to make any other search. They therefore had no permission from even the wife to search the premises for a moonshine still. After entering the premises the officers abandoned their search for Green and began to sniff the odor of sour mash. The search was immediately turned into one for liquor and a still. The officers had no search warrant and the search for the still was unlawful. There is some hint that the search for Green was a mere pretext to search for the liquor, and, if so, it was a violation of the constitutional rights of appellant Veal.

Following the well-established rules of this court with respect to cases involving search warrants, we must hold that the evidence offered by the Commonwealth in the court below was unlawfully obtained, and that the trial court erred to the great prejudice of appellant in overruling his motion for a directed verdict in his favor.

Judgment reversed for proceedings consistent with this opinion.

Judgment reversed.