ERNEST CARLTON v. STATE.

149 So. 767.
Division A.
Opinion Filed September 7, 1933.
Rehearing Denied September 27, 1933.

*Robert H. Givens, Jr.,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

DAVIS, C. J.—This is the second appearance of this case in this Court. See Carlton v. State, 108 Fla. 34, 145 Sou. Rep. 249. On the first writ of error we reversed the judgment because of an erroneous charge to the jury. Following a second conviction after remand of the first appeal we are again asked to reverse the judgment on two principal grounds: (1) alleged error in the admissibility of evidence alleged to have been obtained by an unconstitutional search of the defendant's dwelling house; (2) alleged error in a charge to the jury concerning the effect of the accused's failure to take the stand as a witness in his own behalf and testify.

The first proposition might well be disposed of on the

authority of what was said in the opinion of the first writ of error wherein we said: "There was no error in the admission of evidence relating to the property seized in the search without search warrant of defendant's private dwelling, *under the circumstances appearing in this case.*" (Emphasis supplied.) That holding was based on the proposition that the record showed that not only the defendant's youthful wife, but that he himself, consented to, and indeed invited, a search of his premises at the time of his arrest on March 7, 1932. In the present case, the witness McClellan, a police officer of the City of Tampa, testified without contradiction, that he went out to Ernest Carlton's house and picked him up for investigation; that Ernest Carlton came to the door and invited the officer and a Mr. Williams to come in, saying that he was expecting them; that upon being asked if it would be all right for the officers to look through the house, Carlton said "Yes," after which all three of those present did go through the house, without any objection, expressed or implied, having been raised by Carlton as to the searching of his premises without a search warrant.

The fact that a subsequent search without a search warrant was made on the same premises on the next day, after the defendant had been placed in jail, but with the consent of, and in the presence of his wife, does not demonstrate that the constitutional rights of the accused to be immune from unauthorized searches, was violated by the officer who made that search. On the contrary, the record shows that the officer did what was done, with every regard for the proprieties of the occasion, and with solicitude for the feelings, as well as the legal rights, of the parties affected. Piecing the whole procedure together, we are unable to find any basis for the complaint that the searches were involuntarily consummated, especially in view of the defendant's

own personal invitation to another officer to make a search of the same premises the day before.

The essence of an objection against an unconstitutional search or seizure, is that it must be perpetrated by the officers in violation of the constitutional rights of the affected party, and done without his express consent, or implied consent, to the doing by such officers of what is complained of as an illegal deprivation of organic rights in the premises.

We agree with the proposition of law insisted on by plaintiff in error to the effect that a wife as such is without any inherent authority to bind her absent husband by waiving the production of a legal search warrant for her husband's premises, or by consenting to an unauthorized search of the husband's dwelling house without his permission. Cofer v. United States, 37 Fed. (2nd) 677. But we find the present case on its facts, not to be within either the letter or the spirit of the rule just stated, and therefore reject the contention of error respecting the alleged illegal search shown in this case.

The defendant did not take the stand as a witness, nor testify under oath as he was privileged to do under our statute. Section 8385 C. G. L., 6080 R. G. S. In his general charge to the jury, the judge of his own motion, gave the following instruction:

"The Court charges you that a defendant in a criminal case has a right to take the stand and testify in his own behalf. If and when he does, his testimony goes to the jury to be weighted and considered by the same rules of evidence as the testimony of any other witness. In the event he does not take the stand, which is his privilege, the fact that he does not is not to be taken by the jury as in any wise an admission of guilt on his part."

While the giving of such a charge as that just quoted,

without any previous request therefor having been made by the defendant, has been held by this Court not to be reversible error *per se,* despite the terms of our statute which was evidently intended to discourage, if not to prohibit, the calling of the jury's attention by any means or in any manner, to the fact that the accused has elected to avail himself of his vested privilege of not becoming a witness in his own behalf, the following of a general practice of giving such a charge, without the defendant's request therefor, tends to the defeat of the purpose of our statute, and is not to be commended, although reversible error cannot ordinarily be predicated on the bare fact that such charge was given by the Court of its own motion. See Fogler v. State, 96 Fla. 68, 117 Sou. Rep. 694. Compare: Rowe v. State, 87 Fla. 17, 98 Sou. Rep. 613.

Plaintiff in error has been found guilty by two juries at two separate trials. There is in the transcript, ample,—in fact, overwhelming,—evidence of his guilt of the offense for which he has been convicted. Under the circumstances there is no warrant for another trial of the issues; therefore, the judgment should be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, BROWN and BUFORD, J. J., concur.