**Albert DAVIS, Sr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 28, 1966.

⬛

———◆———

Louis P. McHenry, Hopkinswille, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

Appellant, Albert Davis, Sr., was convicted of the offense of possessing alcoholic beverages for the purpose of sale in Hopkins County, a dry local option territory.

On October 31, 1964, appellant, his wife, and some friends were sitting in the kitchen of their house. At about ten o'clock at night the chief of police of Madisonville and a fellow officer came to the door of appellant's house, opened the door slightly and were invited in by appellant's wife. Thereafter, a search was made of the house and about 196 half-pints of intoxicants were seized.

The main question in this case involves whether the search was illegal because it was had without a search warrant. The witnesses differ as to just what occurred at the time. The chief, who was corroborated by his fellow officer, testified:

"Q. Did he recognize you? A. O, yes, when I cracked the door, he said 'Come in, Mr. Collins,' or 'Chief' or whatever it was; he invited us in. I asked Albert if he would have any objection to us searching his house. I said, 'I don't have any search warrant,' and he studied just a minute and said, 'You know I never have told you you couldn't search. You go ahead and search.' And I said, 'You understand I don't have a search warrant?' and he said, 'I understand. You go ahead and search anywhere you want to.'"

Appellant testified as follows:

"Q. You had a conversation with Officer Collins and he asked you were you doing a big business? A. He said 'it looks like you are doing a big business.'

"Q. Was there any whiskey on the table? A. Nothing but one bottle of Seven-Up. There were no alcoholic beverages at all on the table.

"Q. What other conversation transpired between you and Officer Collins concerning his searching your house? A. I said, 'Well, Mr. Collins, if I say no, you are going to search any way.'

"Q. Is that all you said? A. That's all I said. Then he went into the washroom. I have got a washroom where we do laundry, and he began to search there."

We have held that a person may consent to a search and thereby waive the constitutional guarantee against unreasonable search and seizure, and that the evidence so obtained is competent provided the consent is voluntarily given and is not the result of coercion. Combs v. Com., Ky., 341 S.W.2d 774.

In the case at bar, since there was a direct conflict in the evidence concerning whether consent had been voluntarily given, the court submitted this question under an instruction which we find to have been proper as to form.

■ It is argued by appellant that the evidence shows only the submission by him to the apparent authority of an officer and not unqualified consent. That would be true if the testimony given by appellant and his witnesses were the only acceptable evidence; but we interpret the testimony given by the officer to mean that unqualified and uncoerced consent was given. The jury was at liberty to believe either set of witnesses in the circumstances.

In Cline v. Commonwealth, 312 Ky. 645, 229 S.W.2d 435, the facts are similar to

those involved here. There the officers entered the apartment of appellant in search of a radio which had been stolen. The chief of police testified that he wanted to examine a radio which he saw in an adjoining room and when he asked permission so to do, appellant answered "all right." Both appellant and his wife denied that they had made such an answer. The trial court in that case failed to submit to the jury the issue of fact as to whether the accused gave voluntary consent to the search of his home. The case was reversed because of such failure. The opinion quotes with approval the following language from Morris v. Com., 231 Ky. 838, 22 S.W.2d 295:

> "Whenever the admissibility of evidence, challenged under a technical rule, depends upon a preliminary and disputed question of fact, the showing made relative to such preliminary fact being such that a reasonable man might find either way and the offered evidence is practically decisive of the ultimate question in the case, the trial judge should admit the offered evidence, and pass the question of its admissibility to the jury by proper instruction."

This seems to be a deviation from the general rule that the competency, admissibility and sufficiency of evidence are for the court, and the weight, effect and credibility thereof are for the jury. It was pointed out in the Cline case that this procedure has been described in Wigmore on Evidence, 3rd Ed. Vol. 9 § 2250, as an unorthodox practice. After full discussion the Court decided to stand by the procedure. We are unwilling still to discard the rule. It is deeply imbedded in the law of this state that one accused of a crime must be tried by jury and it seems to us that it is proper for the jury to pass upon this decisive question of fact even though it does in a manner determine the admissibility of evidence.

Judgment affirmed.