230 So.2d 698 (1970)
STATE of Florida, Appellant,
v.
Ennis Walter BLAKELY, Appellee.
No. 69-465.
District Court of Appeal of Florida. Second District.
January 23, 1970.
Earl Faircloth, Atty. Gen., Tallahassee, and Michael N. Kavouklis, Asst. Atty. Gen., Lakeland, for appellant.
Lee R. Horton, Public Defender, Lake Wales, and Robert R. Crittenden, Asst. Public Defender, Winter Haven, for appellee.
HOBSON, Chief Judge.
The State appeals from an order of the Circuit Court of Highlands County, suppressing certain evidence sought to be used against appellee in prosecutions for possession of forged notes and possession of instruments for forging bills. The trial court granted the motion on the grounds that the seizure of said evidence was unconstitutional.
The circumstances leading to the arrest and charges against appellee are not in dispute and are as follows: Deputy Sheriff Heinemann of Highlands County had information that appellee was selling cartons of cigarettes around town at prices below wholesale. He and Lake Placid Police Chief Miller went to appellee's apartment in Lake Placid at about 9:15 P.M. on the *699 night of March 26, 1969. Officer Heinemann had been investigating thefts of cigarettes in Wauchula and Sebring and wished to find out if the cigarettes appellee was selling were involved in any way.
Officer Heinemann knocked at the door while Chief Miller waited. Both were in full uniform. Appellee came to the door and Officer Heinemann asked if he had cigarettes for sale. Appellee said that he did and invited the officer in. While appellee went to another room to get the cigarettes, Officer Heinemann noticed some printing equipment and five simulated ten dollar bills in the room where he was. When appellee returned, Officer Heinemann placed him under arrest for vagrancy and he was taken outside by Chief Miller to wait in the car. At this time, Heinemann seized the five simulated ten dollar bills.
Next, Officer Heinemann called Officer Murdock, the criminal investigator of the Sheriff's Department. Murdock arrived, went inside, and asked appellee's wife if he could search the apartment. She asked if he had a warrant, and he said he did not and if she did not want him to search without a warrant that was fine. He told her he would obtain a warrant and then search the premises. She said that under those circumstances he could go ahead and look. Murdock then checked the bedroom and bathroom, where he found other evidence. The evidence seized by Murdock was that which was suppressed by the lower court.
Appellee's wife signed a written consent to search the apartment between an hour and an hour and forty-five minutes later, at the Sheriff's Office.
This appeal presents three fairly distinct questions for our consideration: 1) whether a wife has the authority to waive the requirement of a search warrant for her husband's premises; 2) whether the wife's consent was free and voluntary in light of the officer's unequivocal statement that he would go and get a search warrant; and 3) whether the wife's later written consent constituted a ratification of her oral consent, whether freely given or not.
Our holding on the first question makes consideration of the other two moot.
The trial judge cited Carlton v. State, 111 Fla. 777, 149 So. 767 (1933) in his order granting appellee's Motion to Suppress. Appellant contends that the application of that case to the one at bar is erroneous. We do not agree. Although Carlton did hold that under the circumstances appearing in that case the search and seizure were valid, the court went on to say:
"We agree with the proposition of law insisted on by plaintiff in error to the effect that a wife as such is without any inherent authority to bind her absent husband by waiving the production of a legal search warrant for her husband's premises, or by consenting to an unauthorized search of the husband's dwelling house without his permission. Cofer v. United States [5 Cir.] 37 F.2d 677. But we find the present case on its facts not to be within either the letter or the spirit of the rule just stated, and therefore reject the contention of error respecting the alleged illegal search shown in this case." (111 Fla. at 780, 149 So. at 768)
Appellant also cites Baugus v. State, 141 So.2d 264 (Fla. 1962) and argues strongly the proposition that because that case held that a mistress had authority to consent to a search of a hotel room occupied by her and her paramour, then a wife must have at least equal authority to consent to a search of her husband's premises. We reject this contention and point out the language of the court in Baugus:
"* * * [I]t should be borne in mind that we do not have to deal with the question whether or not a wife can consent to a search of her husband's property for the woman who shared the room with Sikalis could not be dignified as a wife. They were two persons using the *700 same property and either of them could authorize the search, and it further should not be forgot that in the whole plan the woman, as well as Sikalis and Baugus, was a participant." (141 So.2d at 268)
The court further emphasized that the two occupied the room as individuals, each as participant in a murder, and not as husband and wife.
The other cases cited by appellant are inapplicable to the case at bar because in each the person giving the consent either was given authority to do so, owned the premises or was in joint control thereof.
What appellant asks us to hold is that the husband and wife relationship implies authority in the wife to waive her husband's constitutional right to a search warrant. Fla. Const.D.R. § 12 (1968), F.S.A.U.S.Const. Amend. 4 & 5.
The Florida Supreme Court specifically rejected this contention in the Carlton case, supra, and cases from other jurisdictions have held that the right to demand a search warrant is a personal right and can not be waived by one spouse on behalf of the other. Simmons v. State, 94 Okla. Cr. 18, 229 P.2d 615, 618 (1951); 47 Am.Jur., Searches and Seizures § 72, p. 549, notes 17 and 18 (1943). See also State v. Pina, 94 Ariz. 243, 383 P.2d 167, 169 (1963); Manning v. Commonwealth, 328 S.W.2d 421, 423 (Ky. 1959); Veal v. Commonwealth, 199 Ky. 634, 251 S.W. 648, 649 (1923); State v. Hall, 264 N.C. 559, 142 S.E.2d 177, 179 (1965). Contra, Lester v. State, 216 Tenn. 615, 393 S.W.2d 288, 290 (1965) and the cases cited therein. It should be pointed out that nearly all of the cases relied upon by the Tennessee Supreme Court in Lester, supra, hold that the authority of the spouse to waive the other spouse's right to demand a search warrant stems from joint or sole ownership or control of the premises, rather than from an implication of agency.
Testimony at the hearing on appellee's motion to suppress indicated that appellee had rented the apartment himself and paid the rent and utilities himself. His wife was unemployed and made no contribution at all to the rent or utilities payments.
We hold that the husband and wife relationship itself, without more, does not impute authority to one spouse to waive the other's constitutional right to demand a search warrant for the search of his premises. Since appellee's wife did not have authority to consent to the search in this case, it is unnecessary for us to decide whether such consent was coerced or whether her later written consent worked as a ratification of her prior, oral consent. The order appealed from is therefore
Affirmed.
PIERCE and McNULTY, JJ., concur.