gained with the defendant are factors arguing for continued representation by the same attorney. This case is barren of any indication that the interests of petitioner were considered in the dismissal of his appointed counsel. I would accordingly grant this petition for certiorari.

No. 71–5459. POLK *v.* UNITED STATES.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN concurs.

I would grant certiorari in this case. Prison censorship of mail discovered a letter written by an inmate which at the trial of the inmate was used to convict him. The evils of censorship are thus compounded. The right of privacy protected by the Bill of Rights (*Griswold* v. *Connecticut,* 381 U. S. 479) is re-emphasized when government is dealing with a captive audience (see *Public Utilities Comm'n* v. *Pollak,* 343 U. S. 451, 467–469 (dissenting opinion)). It includes, *inter alia,* the sanctity of thought and belief of the individual that is protected by the First and Fifth Amendments. As Mr. Justice Holmes said in *Milwaukee Pub. Co.* v. *Burleson,* 255 U. S. 407, 437 (dissenting) "the use of the mails is almost as much a part of free speech as the right to use our tongues." Under our regime the right to use the mail free of censorship is basic whether the censor be a federal official working for the post office or a federal official working for the Department of Justice. The problem is squarely raised here, free from all problems of prison security.

No. 71–262. O'KEEFFE, DEPUTY COMMISSIONER, SIXTH COMPENSATION DISTRICT, DEPARTMENT OF LABOR *v.* AEROJET-GENERAL SHIPYARDS, INC., *ante,* p. 254; and

No. 71–393. DOWELL ET UX. *v.* UNITED STATES, *ante,* p. 984. Petitions for rehearing denied.