280 So.2d 51 (1973)
STATE of Florida, Appellant,
v.
James E. DEES, Appellee.
No. T-6.
District Court of Appeal of Florida, First District.
June 28, 1973.
Rehearing Denied July 31, 1973.
Robert L. Shevin, Atty. Gen., Enoch J. Whitney, Asst. Atty. Gen., for appellant.
Richard A. Krause, Ormond Beach, for appellee.
SPECTOR, Chief Judge.
Appellant seeks reversal of an order granting appellee's pretrial motion to suppress certain evidence consisting of items allegedly stolen in a series of breaking and entering with which appellee was charged.
The trial court granted the motion on authority of State v. Blakely, 230 So.2d 698 (Fla.App. 1970). Appellant contends that the case at bar is distinguishable from Blakely, supra, in that here the property comprising the suppressed evidence was voluntarily given to the officers by appellee's wife. We agree and reverse.
In Blakely, the court held that the husband and wife relationship itself, without more, does not impute authority to one spouse to waive the other's constitutional right to demand a search warrant for the search of his premises. In that case, an officer from the sheriff's criminal investigation department arrived at Blakely's apartment after the latter had been arrested and removed from the apartment. The officer asked appellee's wife if he could search the apartment and she asked if he had a warrant. He said he didn't have one but that if she didn't want him to search without one he would obtain a warrant and then search the premises. She then said that under those circumstances he could go ahead and look. The officer looked and found the evidence suppressed. Although Mrs. Blakely subsequently signed a consent to the completed search, the court granted Mr. Blakely's motion to suppress on the grounds recited above.
The State distinguishes the instant case by pointing to the evidence that there was neither a search nor a seizure. At the hearing on appellee's motion to suppress, no evidence was tendered by appellee. *52 Only one witness testified for the State as to the circumstances under which the evidence came into the possession of the State. Deputy Calhoun testified that he received a call from Captain McBride stating that Mrs. Dees, appellee's wife, had some stolen property she was going to turn over to the police. The two officers then met and proceeded to the appellee's residence. They were met at the door by Mrs. Dees who proceeded to give them some items that she identified to be stolen property. She then led them through various rooms and she turned the items over to the officers piece by piece. They did not search for there was no need to in the face of the wife's willingness to produce the items. The record is totally devoid of any evidence that the officers conducted a search or seized any property. To the contrary, appellee's wife voluntarily gave the stolen items to them. It is true that the officers obtained her signature on a consent to search form, but the fact is that they conducted no search pursuant to the consent form.
Nor was there a seizure within the meaning of the constitution. To seize means "to take possession of forcibly, to grasp, to snatch, or to put in possession". Hardie v. State, 140 Tex.Cr.R. 368, 144 S.W.2d 571. In People v. Alvarez, 236 Cal. App.2d 106, 45 Cal. Rptr. 721 (1965), the court held that where an officer was invited into a home and the occupant wife of the defendant voluntarily gave and permitted him to remove stolen property, such property was admissible in evidence. In those circumstances, the court held that there was neither a search nor a seizure. State v. Ashby, 245 So.2d 225 (Fla. 1971).
We think there is a significant distinction between the case at bar wherein all of the evidence reveals there was no search and no seizure and the Blakely case relied upon by appellee wherein the evidence revealed that the wife asked if the officer had a search warrant and consented to the search only after he said he could go get a warrant if she did not consent. In our view, the evidence in the case at bar is as admissible as if the defendant's wife had placed the stolen items in a box and carried them on down to the police station.
Accordingly, the order suppressing the evidence reviewed herein is reversed.
RAWLS and JOHNSON, JJ., concur.