**COMMONWEALTH of Kentucky, Appellant,**

v.

**O'Neal SEBASTIAN, Appellee.**

Court of Appeals of Kentucky.

Oct. 12, 1973.

Ed W. Hancock, Atty. Gen., John C. Ryan, Sp. Asst. Atty. Gen., Frankfort, for appellant.

William L. Stevens, Danville, for appellee.

GARDNER, Commissioner.

At the trial of O'Neal Sebastian, for knowingly receiving stolen property, after both sides answered ready, Sebastian moved the court to suppress the evidence obtained by a warrantless search of his house. The court sustained the motion and the case was dismissed "with prejudice." Thereupon the Commonwealth perfected an appeal for a certification of the law pursuant to KRS 21.140(3).

Two issues are involved, namely, (1) whether a wife's grant of permission to search a house jointly possessed by her and her husband, when the husband was absent, precluded the husband from invoking the constitutional privilege against unreasonable searches and seizures, and (2) whether there was implied coercion by the mere fact that the request for permission to search the house was made by a police officer.

There are some authorities standing for the proposition that the fruits of a warrantless search found in a house pursuant to consent of the wife to the search are not admissible as evidence against the husband. A Florida court subscribed to this view apparently from the standpoint of agency. See State v. Blakely, Fla.App., 230 So.2d 698 (1970), wherein it was said that the husband and wife relationship itself does not "* * * impute authority to one spouse to waive the other's constitu-

tional right to demand a search warrant for the search of his premises." A federal court took the position that agency is not pertinent and said in United States v. Thompson, 5 Cir., 421 F.2d 373 (1970), "It is not a question of agency, for a wife should not be held to have authority to waive her husband's constitutional rights. This is a question of the wife's own rights to authorize entry into the premises where she lives and of which she had control." Some authorities say that if the property seized was a personal effect of the husband, it should be excluded as evidence. See State v. Evans, 45 Haw. 622, 372 P.2d 365 (1962).

The overwhelming weight of authority upholds the validity of a search so long as the consent of the wife was voluntary. See United States v. Stone, 7 Cir., 471 F.2d 170 (1972); United States v. Alloway, 6 Cir., 397 F.2d 105 (1968); Maxwell v. Stephens, 8 Cir., 348 F.2d 325 (1965); United States v. Ball, 6 Cir., 344 F.2d 925 (1965); and People v. Duren, 9 Cal.3d 218, 107 Cal.Rptr. 157, 507 P.2d 1365 (1973). The decisions of this court are not entirely consistent. In Veal v. Commonwealth, 199 Ky. 634, 251 S.W. 648 (1923), it was held that the wife could not rightfully consent to a search of "her husband's house." In support of its holding the court cited Duncan v. Commonwealth, 198 Ky. 841, 250 S.W. 101 (1923), and Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654 (1924). These are the same cases relied on by the trial court in the present case. In both *Duncan* and *Amos* the decisions were based on the involuntariness of the wife's consent rather than under the rule that the wife's consent did not preclude the husband from relying on the constitutional guarantee of unreasonable searches and seizures.

While Manning v. Commonwealth, Ky., 328 S.W.2d 421 (1959), contains language raising the question of whether a wife's consent is sufficient to meet constitutional requirements insofar as the husband is concerned, we pointed out in Garr v. Commonwealth, Ky., 463 S.W.2d 109 (1971), that a basis of the Manning decision was that consent of the wife was coerced.

We think the more acceptable position, especially in view of the modern trend toward equalization of the rights and obligations of men and women, is that a wife's voluntary consent to a search of a home makes admissible as evidence against a husband the fruits of a search. An exception would be where, by agreement or understanding, the wife did not have access to a particular room or a particular container. In the present case the evidence was that the wife had as much right to the control of the house as did the husband. The stolen property was found in the utility room just off the kitchen, which certainly was not a room where the husband had exclusive domain.

We readily understand, in view of *Veal, Duncan* and *Manning,* why the trial court decided as it did. For the reasons above expressed, however, we think its decision does not represent the law. All previous cases, to the extent they are in conflict with our present holding, are now overruled.

This leads to the next question of whether a wife's consent to a search of the home is presumed to be involuntary by the mere fact that the request comes from a police officer. We think the answer is "no." The correct approach is to determine from all the circumstances whether the consent was in fact voluntary. In United States v. Stone, supra, where the husband contended that the wife's consent to the search was brought about by coercion by the police officer, the court said, "The question of whether a consent is given voluntarily and without coercion is one of fact."

In this connection we perceive no valid reason for distinguishing between a wife's consent and the consent of anyone else. The question remains, was the consent voluntary? And whether it was vol-

**420**

untary or not depends on the totality of the circumstances,[1] a determination to be made ultimately by a jury. See Bradley v. Commonwealth, Ky., 439 S.W.2d 61 (1969), and Davis v. Commonwealth, Ky., 398 S. W.2d 701 (1966).

 In the present case the evidence disclosed that the officer was a friend of many years' standing of the Sebastians. He was asked at the pre-trial hearing if he thought he would not be refused a search because he was a police officer. His answer was, "No, I didn't. I think it was because they had possibly confidence in me." Mrs. Sebastian did not testify. Certainly it could not be presumed as a matter of law that the consent was involuntary.

We believe the law to be, and we certify (1) that the fruits of a warrantless search of a home are not inadmissible in evidence against the husband, where the wife has given consent to the search, merely because of the husband-wife relationship, and (2) the wife's consent to a search of the home is not presumed to be involuntary simply because the request was made by a police officer.

The law is so certified.

All concur, except PALMORE, C. J., and OSBORNE, J., who dissent.

OSBORNE, Justice (dissenting).

I dissent from so much of the majority opinion as holds that a wife has authority to consent to a search of her husband's home. I recognize that there is a conflict of the authority upon this point, see 31 A. L.R.2d 1078, Annot., Search and Seizure, at page 1091.

It is my belief that the better rule is that the wife should not have authority to consent to the search, in the absence of her husband, especially where that which is sought is something personal to the husband. This seems to me to comport with the spirit and purpose of the Fourth Amendment to the United States Constitution and Article 10 of the Kentucky Constitution. This court has so held in the past, see Veal v. Commonwealth, 199 Ky. 634, 251 S.W. 648 (1923), Manning v. Commonwealth, Ky., 328 S.W.2d 421.

PALMORE, C. J., joins in this dissent.

---

1. See Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).