532 P.2d 157
**YUMA COUNTY ATTORNEY, Petitioner,**

v.

**The Honorable John A. McGUIRE, Judge of
the Superior Court, and Thomas
Franklin Lutz, Respondents.**

No. 11867.

Supreme Court of Arizona,
En Banc.

Feb. 27, 1975.

Wm. Michael Smith, Yuma County Atty.
by John N. Nelson, Deputy County Atty.,
Yuma, for petitioner.

John A. McGuire, in pro. per.

Nelson & Moran by Garth Nelson, Yuma, for respondent Lutz.

HAYS, Justice.

The Yuma County Attorney filed a petition for special action and this court accepted jurisdiction. Petitioner contends that the respondent judge erred in suppressing evidence seized in a warrantless search. The simple issue as stated by the petitioner and concurred in by respondents is:

"May a spouse give consent to the search of their home when each spouse exercises control and dominion over the house and the other spouse is not present but is a suspect to a crime."

It is difficult to fault the judge for ruling as he did for this question was answered negatively by the Supreme Court in State v. Pina, 94 Ariz. 243, 383 P.2d 167 (1963). Obviously we accepted jurisdiction to take a second look at the problem.

The specific facts in this case concern the alleged burglary of the Venus Adult Theatre in Yuma, Arizona. The police suspected that Thomas Franklin Lutz had some connection with the burglary and two officers proceeded to his home. Lutz was not at home, but when Mrs. Lutz came to the door, she was advised that her husband was a suspect in a burglary. The officers asked if they could come in and search for some pornographic materials that had been taken in the alleged burglary. Mrs. Lutz consented to the search and took them to a back bedroom closet where the materials were found. A pair of boots was also taken to be matched to boot prints at the scene of the alleged crime.

Was this search unreasonable or illegal? We are reluctant to overrule a case which has been the law in Arizona for over twelve years, State v. Pina, *supra,* but that case is overbroad in holding that "[o]bviously a third person cannot waive another's basic constitutional rights against unlawful searches and seizures unless specifically authorized." 94 Ariz. at 247, 383 P.2d at 169.

A quote from United States v. Wilson, 447 F.2d 1 (9th Cir. 1971), cert. denied sub nom. Polk v. United States, 404 U.S. 1053, 92 S.Ct. 723, 30 L.Ed.2d 742 (1972), sets forth the principle and numerous authorities on this point.

"It belabors the obvious to point out that in the parlance of the day, Dawson and Polk were 'living together' in a com-

mon-law status. The record indicates that Dawson had unrestricted accessibility to the apartment. Indeed, the totality of this 'arrangement' is evidenced by Dawson having her 'things' at the apartment. Under such circumstances, Dawson had equal rights to the use and occupation of the premises at the time she consented to the search. It is well settled, one endowed with such rights may authorize a search of the premises, and the evidence thus disclosed can be used against his co-habitant. United States v. Wixom, 441 F.2d 623 (7th Cir. 1971); United States v. Hughes, 441 F.2d 12 (5th Cir. 1971); Pasterchik v. United States, 400 F.2d 696 (9th Cir. 1968), cert. denied, 395 U.S. 982, 89 S.Ct. 2142, 23 L.Ed.2d 770 (1969); Wright v. United States, 389 F.2d 996 (8th Cir. 1968). Accordingly, we are satisified that because of the nature of the rights which had accrued to Dawson by reason of her sharing an apartment with Polk, the search in issue is impervious to the claim that it is tainted by illegality. See United States v. Airdo, 380 F.2d 103 (7th Cir. 1967), cert. denied, 389 U.S. 913, 88 S.Ct. 238, 19 L.Ed.2d 260 (1967), where the court held that the defendant's mistress with whom he shared an apartment acted with complete propriety when she consented to a search of the premises. Accord, Nelson v. People of State of California, 346 F.2d 73 (9th Cir. 1965), cert. denied, 382 U.S. 964, 86 S.Ct. 452, 15 L.Ed.2d 367 (1965)." 447 F.2d at 5–6.

The United States Supreme Court has considered this problem in United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L. Ed.2d 242 (1974).

We are aware that as to a marital relationship the argument may be used that to permit a spouse to consent to a search would be destructive of that relationship. We do not see the need to have a special rule of law here. Our position is well stated by the following quotation from Commonwealth v. Sebastian, 500 S.W.2d 417 (Ky.1973):

"We think the more acceptable position, especially in view of the modern trend toward equalization of the rights and obligations of men and women, is that a wife's voluntary consent to a search of a home makes admissible as evidence against a husband the fruits of a search. An exception would be where, by agreement or understanding, the wife did not have access to a particular room or a particular container. In the present case the evidence was that the wife had as much right to the control of the house as did the husband. The stolen property was found in the utility room just off the kitchen, which certainly was not a room where the husband had exclusive domain." 500 S.W.2d at 419.

The respondent Lutz's motion to suppress having brought about the delay in the criminal proceedings, it is ordered that said period of delay is an excluded period. Rule 8, 1973 Arizona Rules of Criminal Procedure, 17 A.R.S.

The order granting the motion to suppress is vacated in Yuma County Criminal Action No. 7421, State of Arizona v. Thomas Franklin Lutz.

CAMERON, C. J., and HOLOHAN, J., concur.

STRUCKMEYER, Vice Chief Justice (dissenting):

As I understand the majority, their reasons for overruling State v. Pina, 94 Ariz. 243, 383 P.2d 167, since they give no others, are those set forth in the quotation from Commonwealth v. Sebastian (Ky.), 500 S.W.2d 417, 419 (1973), that "the more acceptable position, especially in view of the modern trend toward equalization of the rights and obligations of men and women, is that a wife's voluntary consent to a search of a home makes admissible as evidence against a husband the fruits of a search." No reason is stated in Commonwealth v. Sebastian why this position is more acceptable, other than a modern trend toward the equalization of rights of men and women. How the rights of men

and women are thereby equalized is not explained. If the statement is intended to mean that it is more enlightened to allow a wife to invite the police into the home to search for evidence with which to prosecute her husband criminally, then, indeed, I dissent. I do not believe criminal justice requires that one spouse invite an invasion of the home by police officers without a warrant who then may indiscriminately search for evidence upon which to base a criminal charge against the other spouse.

The decision in *Pina* was bottomed on sound social policy. Marriage and the home are everywhere recognized as institutions to be encouraged and protected. They are the foundations upon which a stable society is built. So, in Arizona communications between spouses are privileged, Arizona Title Guarantee & Trust Co. v. Wagner, 75 Ariz. 82, 251 P.2d 897 (1952), and interspousal tort suits are not permitted, Schwartz v. Schwartz, 103 Ariz. 562, 447 P.2d 254 (1968). The rule in *Pina* prevents unnecessary and unjustified invasions of privacy before they occur.

The majority of this Court are critical of the statement in Pina as being "overbroad," that "[o]bviously a third person cannot waive another's basic constitutional rights against unlawful searches and seizures unless specifically authorized." Under the United States Constitution, Amendment IV, if the search or seizure is unreasonable, then it is unconstitutional and unlawful. It is just as obvious today as it was twelve years ago that an unauthorized third person cannot waive another's right to be secure from the unreasonable, and, hence, unlawful searches and seizures forbidden by the United States Constitution.

I do not agree with the majority when they say, "The United States Supreme Court has considered this problem in United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974)." *Matlock* is a case in which an unmarried man and woman jointly occupied a room in a house. The problem in this case was not considered in *Matlock*. The Court there stated: "Respondent and Gayle Graff were not

married, * * *." A holding by the United States Supreme Court that the Fourth Amendment to the Constitution of the United States does not protect against a warrantless search where two or more unmarried persons occupy a room jointly is not authority for the proposition that Arizona may not forbid an invasion of the marital residence based upon a social policy designed to protect and encourage the marriage status.

Finally, I am in disagreement with the order of the court in this case. Facts which the majority do not recite tend to indicate that there was ample opportunity for the police to obtain a search warrant. The petition before this Court states:

"On September 19, 1974, Lt. Carl Cansler of the Yuma City Police Department received word from Judge William Nabours of the Yuma County Superior Court, Division I, indicating he had information about a possible suspect to a recent burglary. Judge Nabours mentioned that pornographic literature and items were the subject of the burglary and that they could be found at the home of the defendant Lutz. Lt. Cansler contacted the police department, confirmed that there had been a burglary of the Venus Adult Theatre, and informed Judge Nabours. Lt. Cansler then passed on the information to Harry Wright of the Yuma Police Department. Accompanied by Deputy Hamilton, they proceeded to 574 10th Street, Yuma [the home of respondent Lutz]."

At least since Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958), probable cause to believe a building contains incriminating evidence is not alone sufficient to support a warrantless search. Since the trial court's order suppressing the evidence was based on the holding in *Pina,* and since the majority are setting aside the state's policy to protect the security of the home, I would order this case returned to the Superior Court to determine whether the Yuma Police had a reasonable opportunity to obtain a search warrant.

LOCKWOOD, Justice (concurring in the dissent):

I concur in the dissent of Justice Struckmeyer.

I fail to see why "[the] equalization of the rights and obligations of men and women" justifies erosion of this Court's longstanding policy of supporting and encouraging the institution of marriage. While the rights of both the man and woman are equal, neither one is "more equal" than the other. A warrantless search of areas of the home under joint control should only be permitted where both spouses have given consent. Marriage and the home are thus protected.

The rationale underlying our holding in *Pina* remains valid today. I would therefore order the case returned to the Superior Court to determine whether the Yuma Police had a reasonable opportunity to obtain a search warrant.