Scott TINSLEY, Appellant,

v.

Robert J. JACKSON, Judge, Lincoln Circuit Court, Commonwealth of Kentucky, Appellee.

No. 88–SC–0751–MR.

Supreme Court of Kentucky.

June 8, 1989.

Harry P. Hellings, Jr., Gina L. Nutter, Hellings & Nutter, P.S.C., Covington, for appellant.

Harlan H. Veal, Jr., Commonwealth Atty., Nicholasville, for appellee.

LAMBERT, Justice.

This appeal is from the order of the Court of Appeals which denied appellant's petition for writ of prohibition. This issue presented is whether, in view of the facts and circumstances surrounding the trial court's order of mistrial, retrial is barred by the double jeopardy clause of the Fifth Amendment to the Constitution of the United States and Section 13 of the Constitution of Kentucky.

Prior to the commencement of trial, appellant moved for and was granted an order which required, *inter alia,* the Commonwealth to produce for his inspection all exculpatory evidence. The Commonwealth responded by production of various tangible things but omitted production of a certain blood-stained child's garment known as a "sleeper."

After commencement of trial and in the course of presenting its evidence in chief, the Commonwealth introduced four items

of appellant's clothing. The items of clothing were splattered with blood. It was the Commonwealth's theory that appellant shot the victim and her blood splattered upon his clothing. It was appellant's theory, however, that the blood came to be on his clothing when he picked up his infant child who was wearing the blood-stained sleeper. It is undisputed that the investigating officers took possession of the child's sleeper as a part of their investigation. It is also undisputed that no forensic examination of the sleeper was ever made and that this garment has been lost. After conducting a hearing, the trial court made a factual determination that the sleeper was "exculpatory evidence" but also determined that the Commonwealth was not guilty of bad faith.

At trial, appellant moved the court to strike a substantial portion of the Commonwealth's evidence claiming a *Brady* * violation in the Commonwealth's failure to produce the sleeper. To avoid the general rule that a party who moves for a mistrial may not thereafter invoke the bar of double jeopardy to prevent retrial (*Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982)), appellant specifically informed the court of his objection to the granting of a mistrial when the court indicated its intention to do so. Nevertheless, the mistrial was granted and appellant now seeks to prevent retrial claiming such is constitutionally barred.

■ A party seeking to prevent his retrial upon double jeopardy grounds must show that the conduct giving rise to the order of mistrial was precipitated by bad faith, overreaching or some other fundamentally unfair action of the prosecutor or the court. *United States v. Love*, 597 F.2d 81 (6th Cir.1979), and *United States v. Larry*, 536 F.2d 1149 (6th Cir.1976), and *Tamme v. Commonwealth*, Ky., 759 S.W.2d 51 (1988). As found by the trial court, such prosecutorial misconduct is not present here. It was the court's view that error occurred which denied appellant due process of law; that such would result in reversal in the event of conviction; and that KRS 505.030(4)(b) granted him discretion to terminate the trial based upon a finding of manifest necessity. This Court is unable to say that the trial court's factual determinations were clearly erroneous or constituted an abuse of discretion. We therefore affirm the Court of Appeals.

Our decision to affirm and authorize appellant's retrial does not resolve the problem raised in this case. Upon retrial, it is reasonable to expect that the objection to the Commonwealth's failure to maintain the integrity of the sleeper, an item determined by the trial court to be "exculpatory," will again be raised. In our recent case of *Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534 (1988), this Court addressed a situation in which a prosecutor deliberately erased the tape-recorded statements of certain witnesses before the defendant had had an opportunity to examine the tapes. We declared such action to be misconduct of constitutional proportions. *See also California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984).

■ In an effort to fashion a remedy in *Sanborn*, this Court directed the giving of a "missing evidence instruction" and held that such was sufficient to offset the prosecutor's misconduct. *Sanborn* at 539–540. While the action of the Commonwealth in this case bears no resemblance to the misconduct of the Commonwealth in *Sanborn*, the fact remains that in each case significant evidence was forever lost. Upon remand, the trial court should conduct a hearing to determine whether failure of the Commonwealth to produce the "sleeper" will substantially prejudice appellant's right to a fair trial. If such is determined to be the case, the court should consider whether a "missing evidence instruction" should be given or whether the Commonwealth's evidence should be limited, or even prohibited, to eliminate the prejudice resulting from the unavailability of the exculpatory evidence.

For the foregoing reasons, the order of the Court of Appeals is affirmed and this cause remanded to the Lincoln Circuit Court for further proceedings.

* *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

STEPHENS, C.J., and COMBS, LEIBSON, VANCE and WINTERSHEIMER, JJ., concur.

GANT, J., concurs in result only.