**Henry ANDERSON, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

**No. 94–CA–0598–MR.**

Court of Appeals of Kentucky.

July 7, 1995.

Ann T. Eblen, Louisville, for appellant.

Chris Corman, Atty. Gen., Karen Quinn, Asst. Atty. Gen., Frankfort, for appellee.

Before DYCHE, EMBERTON and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from the judgment of the Calloway Circuit Court entered on March 4, 1994, finding the appellant, Henry Anderson, guilty of First–Degree Possession of a Controlled Substance and Possession of Marijuana. For the former count, the appellant was sentenced to three years' imprisonment in the state penitentiary, and for the latter count he was sentenced to twelve months in the county jail with a $250 fine. The sentences were to run concurrently for a maximum period of three years.

On February 12, 1993, the appellant was indicted by the Calloway Grand Jury for the above-mentioned offenses. The charges arose out of incidents occurring on or about January 22, 1993. Police were dispatched to Cherry Street in Murray, Kentucky, to investigate alleged drug dealing in the area. An anonymous tipster had informed the police that deals were being made out of a red and gray Ford auto. Upon arriving at the scene, the officers located a car fitting the description given by the tipster. Four officers approached the car to investigate. The vehicle was unoccupied, and the police began looking in its windows using flashlights. Thereafter, the appellant came out of a nearby crowd of people and approached the officers. He told the police that he was the owner of the car. One of the officers informed him that they had received an anonymous tip concerning his car and asked the appellant for permission to search the auto. He allowed the police to search the passenger compartment, where they found nothing. The officer then asked him to unlock the trunk so it could be searched. Once again the appellant agreed. While getting the keys from his pocket, a small bag containing cocaine fell out of his pocket to the street.

The appellant was immediately arrested and advised of his *Miranda* rights. He was then transported to the police station where he was informed of his constitutional rights a second time. Shortly thereafter, the appellant made certain admissions concerning the cocaine and the marijuana.

The case was initially called for trial on September 9, 1993. Prior to trial, the court expressly ordered that the prosecution's wit-

nesses refrain from testifying about the substance of the dispatch sending them to the scene, i.e., an anonymous tip that crack cocaine was being sold. The trial court determined that evidence of drug trafficking would be too prejudicial in the appellant's trial for mere possession of drugs.

The Commonwealth Attorney explained the ruling to his witnesses and admonished them to omit testimony concerning the substance of the tip. At trial, however, the Commonwealth's first witness failed to comply with the order. Officer Mike Jump testified as follows:

Q. Keeping in mind the admonition I gave to you earlier, would you tell the jury, did you have an occasion to be required to go to the vicinity of 415 Cherry Street here in Murray?

A. Yes, sir. The dispatcher informed us that he had a tip that drugs were being sold out of a red and gray Ford automobile, (TE 9–9–93, pp. 41–42).

The appellant immediately moved the trial court for a mistrial. The motion was granted.

The case was once again set to be tried; this time on January 31, 1994. The appellant filed a motion in limine to suppress and a motion to dismiss seeking to have the evidence seized from him and his inculpatory statements suppressed. He alleged that the police had acted in violation of the Fourth Amendment of the United States Constitution by illegally detaining him. He alleged his retrial was barred under the double jeopardy clauses of the United States and Kentucky Constitutions since the termination of his first trial was brought about by prosecutorial misconduct, rising to the level "of bad faith of an intentional, willful nature."

After a hearing on the motions, the trial court denied them both. It found that the appellant had initiated a consensual encounter with the police, and the incident resulting in termination of the first trial was merely a miscommunication rather than a product of bad faith. The trial proceeded on January 31, 1994, with the appellant being found guilty of both offenses. This appeal followed in which the appellant reiterates his previous arguments.

■ Generally, a party seeking a mistrial may not prevent his retrial on the same charge. See Tinsley v. Jackson, Ky., 771 S.W.2d 331 (1989), citing Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). The Tinsley Court, however, noted a narrow exception to the general rule holding that

[a] party seeking to prevent his retrial upon double jeopardy grounds must show that the conduct giving rise to the order of mistrial was precipitated by bad faith, overreaching or some other fundamentally unfair action of the prosecutor or the court.

Tinsley, 771 S.W.2d at 332 (citations omitted). The appellant has failed to describe any conduct which would rise to the level of that required by the law to prevent retrial. The fact that a mistrial occurred, of itself, does not prove "bad faith, overreaching or some other fundamentally unfair action." Id. We cannot conclude, on the evidence presented, that the trial court's determination was erroneous.

■ With regard to the appellant's contentions relating to the suppression of evidence, we likewise find no error. The appellant contends, in essence, that he was illegally in custody when the police initially asked for consent to search his car. According to the appellant all the evidence obtained thereafter must be suppressed in conformity with the exclusionary rule. There is no evidence that the appellant was under arrest at the time he alleged to have consented to the search of the trunk. His initial encounter with the police was consensual, and thereafter until his arrest, he was at most the object of an investigative stop. See Florida v. Rodriguez, 469 U.S. 1, 105 S.Ct. 308, 83 L.Ed.2d 165 (1984).

■ Undoubtedly, warrantless searches are deemed unreasonable unless they fall within an enumerated exception to the rule that all searches must be performed pursuant to a warrant. See Cook v. Commonwealth, Ky., 826 S.W.2d 329 (1992). One of the exceptions to the warrant requirement is consent. Id. The Commonwealth must

prove, by a preponderance of the evidence, that the appellant voluntarily consented to the search in question. *Id.; see also Tabor v. Commonwealth,* Ky., 613 S.W.2d 133 (1981). To determine the voluntariness of the search, the trial court must look to the circumstances of each case in drawing its conclusion. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Commonwealth v. Sebastian,* Ky., 500 S.W.2d 417 (1973). In this case, there was simply no evidence of any coercive action whatsoever by the police, let alone coercion sufficient to indicate that the appellant's consent was not voluntary. *See United States v. Watson,* 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976); *Cook v. Commonwealth, supra.*

The judgment of the Calloway Circuit Court is affirmed.

All Concur.