RENDERED: AUGUST 16, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0451-MR

THE ESTATE OF KATIE LYNN
GRISEZ; AND TRACY GRISEZ, AS
ADMINISTRATOR OF THE ESTATE
OF KATIE LYNN GRISEZ                                          APPELLANTS


                          APPEAL FROM TAYLOR CIRCUIT COURT
v.              HONORABLE SAMUEL TODD SPALDING, JUDGE
                          ACTION NO. 21-CI-00022


ERIE INSURANCE COMPANY AND
ELIJAH STONE PERKINS                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND LAMBERT, JUDGES.

ACREE, JUDGE: Appellant, the Estate of Katie Lynn Grisez, appeals the Taylor

Circuit Court's order dismissing Count 3 of its First Amended Complaint against

Appellee, Erie Insurance Company (Erie). That count is based on a theory of

liability and cause of action not recognized in Kentucky – a tort claim for

spoliation of evidence.  The circuit court followed *Monsanto Company v. Reed*, 950 S.W.2d 811 (Ky. 1997) (hereinafter *Monsanto*) and dismissed the count.  That was a correct application of Supreme Court authority and, therefore, we affirm.

## FACTS

In 2020, Katie Grisez and Elijah Perkins rode in a Utility Terrain Vehicle (UTV) in a field and struck a large sinkhole.  The sinkhole tore the front wheel assembly away from the vehicle and Grisez was thrown to the ground.  Her injuries were fatal.

Erie insured the UTV, took possession of it, and then sold it.  It was resold for parts to a second buyer.  The Estate alleges Erie, despite knowing of potential civil and criminal litigation, allowed its own paid expert to examine the vehicle before selling it, and claims its actions constitute spoliation of evidence in violation of KRS[1] 524.100, which makes it a crime to tamper with evidence.

In Count 3, the Estate claimed KRS 446.070 authorized a private right of action against Erie for violating that criminal statute.  Citing *Monsanto*, Erie moved to dismiss that count pursuant to CR[2] 12.02(f), for failing to state a claim upon which relief may be granted.  The court granted Erie's motion and this appeal follows.

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

## STANDARD OF REVIEW

We review dismissals under CR 12.02(f) *de novo.* *Hardin v. Jefferson Cnty. Bd. of Education*, 558 S.W.3d 1, 5 (Ky. App. 2018).

## ANALYSIS

The Estate says its claim is properly based on KRS 446.070, the legislative grant of a right to bring private civil actions for violations of other statutory prohibitions, including criminal statutes. We appreciate the argument.

Known as the private-right-of-action statute, KRS 446.070 says, "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." "The statute creates a private right of action in a person damaged by another person's violation of any statute that is penal in nature and provides no civil remedy, if the person damaged is within the class of persons the statute intended to be protected." *Hargis v. Baize*, 168 S.W.3d 36, 40 (Ky. 2005) (citations omitted). Put another way, "KRS 446.070 . . . creates liability by virtue of the breach of duty" owed to the plaintiff as established by any other Kentucky statute. *Collins v. Hudson*, 48 S.W.3d 1, 4 (Ky. 2001).

The "other Kentucky statute" upon which the Estate bases its tort claim is KRS 524.100. It says:

(1) A person is guilty of tampering with physical evidence when, believing that an official proceeding is pending or may be instituted, he:

> (a) Destroys, mutilates, conceals, removes or alters physical evidence which he believes is about to be produced or used in the official proceeding with intent to impair its verity or availability in the official proceeding; or

> (b) Fabricates any physical evidence with intent that it be introduced in the official proceeding or offers any physical evidence, knowing it to be fabricated or altered.

(2) Tampering with physical evidence is a Class D felony.

KRS 524.100.

We do not deny these statutes appear to authorize the very claim the Estate asserts against Erie in Count 3. In fact, this Court embraced the Estate's identical view nearly thirty years ago when it rendered *Reed v. Westinghouse Electric Corporation, Monsanto Company*, No. 1993-CA-002125-MR, 1995 WL 96819 (Ky. App. Mar. 10, 1995), *discretionary review granted* (Jan. 10, 1996),[3] *rev'd sub nom. Monsanto Co. v. Reed*, 950 S.W.2d 811 (Ky. 1997) (hereinafter *Reed*).

In *Reed*, this Court held "that the tort of spoliation is consistent with the statutory and common law of this jurisdiction." *Reed*, No. 1993-CA-002125-

---

[3] All but the caption of the Court of Appeals opinion was scrubbed from Westlaw by Supreme Court order. References to *Reed* here cite the slip opinion in the Court of Appeals archives.

MR, slip op. at 15.  We further said, "If one proves the elements of [a criminal statute] and suffers an ancillary injury, then correspondingly, KRS 446.070 may be utilized to address the wrong."  *Id.* at 16.  But that is not the law.

Our Supreme Court reversed "the Court of Appeals[']creation of a new cause of action for 'spoliation of evidence.'"  *Monsanto*, 950 S.W.2d at 815.

> We decline the invitation to create a new tort claim. Where the issue of destroyed or missing evidence has arisen, we have chosen to remedy the matter through evidentiary rules and "missing evidence" instructions. *See Tinsley v. Jackson*, Ky., 771 S.W.2d 331 (1989) *and Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534 (1988). The Court of Appeals recognized that only three states have adopted this tort claim.  The vast majority of jurisdictions have chosen to counteract a party's deliberate destruction of evidence with jury instructions and civil penalties. Representative of this approach is *Federated Mutual Insurance Co. v. Litchfield Precision Components, Inc.*, 456 N.W.2d 434 (Minn. 1990).  We will remain among those jurisdictions and not now allow such claims for relief.

*Id.*

On at least two occasions, the Kentucky Supreme Court reaffirmed its preference "to remedy the matter through evidentiary rules and 'missing evidence' instructions."  *Id.  See Jenkins v. Commonwealth*, 607 S.W.3d 601, 609 (Ky. 2020); *University Medical Center, Inc. v. Beglin*, 375 S.W.3d 783, 788 (Ky. 2011), *as modified on denial of reh'g* (Mar. 22, 2012).  *See also Johnson v. Wood*, 626

S.W.3d 543, 552 (Ky. 2021) (citing *Monsanto* for the principle that "the trial court's denial of recognition of a new tort can be remedied on direct appeal").

*Monsanto* does not explain why KRS 446.070 is not a proper vehicle for pursuing a private right of action for spoliation. In fact, the Supreme Court does not even cite KRS 446.070. However, this Court postulates one rationale for concluding *Monsanto* implicitly declined to recognize even a statute-based tort.

As *Hargis v. Baize* requires, "the person damaged [must be] within the class of persons the statute intended to be protected." 168 S.W.3d at 40. The Supreme Court notes there is an implied bad faith element to spoliation and that limiting the "obligation to preserve evidence to reasonable bounds . . . confines it to that class of cases where the interests of justice most clearly require it . . . ." *Swan v. Commonwealth*, 384 S.W.3d 77, 91 (Ky. 2012) (quoting *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S. Ct. 333, 337, 102 L. Ed. 2d 281 (1988)). In other words, sanctions and remedies for spoliation of evidence, whether statutory or procedural, do not serve to protect one party or another so much as to protect and serve "the interests of justice."

Our proposed rationale is consistent with the "majority of states that have considered whether to recognize an independent tort of spoliation [but] have rejected the concept . . . rooted in the notion that the traditional evidence-based sanctions for discovery violations and destruction of evidence sufficiently protect

the interests of justice in general and the parties involved in a lawsuit."[4]  ERIC M. LARSON, 40 CAUSES OF ACTION 2d 1, § 12 (originally published in 2009).

The Estate expressly asks that "this Court overrule *Monsanto*." (Appellant's brief, p. 10).  This, of course, we cannot do because "[t]he Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court."  Supreme Court Rule 1.030(8)(a).  Only the Supreme Court can tell us if our proposed rationale for *Monsanto* is wrong, and the Estate can continue to pursue its argument for reversal in that higher court if it wishes.  *Johnson*, 626 S.W.3d at 552.

## CONCLUSION

For the foregoing reasons, this Court affirms the Taylor Circuit Court's order dismissing Count 3 of the Estate's complaint.

ALL CONCUR.

---

[4] In addition to Kentucky, the following states take this view: Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Iowa, Kansas, Maryland, Massachusetts, Mississippi, Montana, Nevada, New Jersey, New York, Texas, and Wisconsin. ERIC M. LARSON, 40 CAUSES OF ACTION 2d 1, § 12 (originally published in 2009).

BRIEFS FOR APPELLANTS:

Gregory J. Bubalo
Kate A. Dunnington
Winfield M. Frankel
Louisville, Kentucky

Wesley E. Bright
Campbellsville, Kentucky

BRIEF FOR APPELLEE ERIE
INSURANCE CO.:

Bradly E. Moore
Diane R. Conley
Lexington, Kentucky